**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| PHILIP J. CHARVAT, an individual, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:09-cv-209 |
| | : | |
| v. | : | Judge Sargus |
| | : | |
| NMP, LLC, a Delaware limited liability | : | Magistrate Judge Kemp |
| company, and MEDIA SYNERGY GROUP, | : | |
| LLC, a Virginia limited liability company, | : | |
| | : | |
| Defendants. | : | |

**FIRST AMENDED COMPLAINT FOR MONEY DAMAGES
AND DECLARATORY JUDGMENT**

**JURY DEMAND ENDORSED HEREON**

NOW COMES PLAINTIFF PHILIP J. CHARVAT, by and through the undersigned counsel, and brings this action to obtain money damages and declaratory judgment against DEFENDANTS NMP, LLC, and MEDIA SYNERGY GROUP, LLC, arising from the 33 unlawful telemarketing calls that Defendants, or their authorized agent(s), made to Plaintiff at his residence in disregard and violation of well-established federal and Ohio laws prohibiting such calls, and other unlawful activities of Defendants.

**The Parties**

1.     PLAINTIFF PHILIP J. CHARVAT ("Charvat" or "Plaintiff") is a living person and individual who resides at 636 Colony Drive, Westerville, Franklin County, Ohio 43081. At his residence, Plaintiff is a residential telephone subscriber, and he places and receives telephone calls through the use of one or more telephones connected to an outside telephone line having the telephone number of (614) 895-1351 ("Plaintiff's Residential Telephone Number").

2.     Upon information and belief, at all times relevant hereto, DEFENDANT NMP, LLC ("Defendant NMP" or "NMP"), has been a Delaware limited liability company having its principal place of business located at 401 Edgewater Place, Suite 640, Wakefield, Massachusetts 01880.

3.     Upon information and belief, at all times relevant hereto, Defendant NMP has done business as "NMP Member Services, LLC", "NASCAR Membership Club", "Official NASCAR Membership Club", "NASCAR Members Club" and/or "Official NASCAR Members Club", each of which is a fictitious name that was not been properly registered with the Ohio Secretary of State.

4.     Upon information and belief, at all times relevant hereto, DEFENDANT MEDIA SYNERGY GROUP, LLC ("Defendant MSG" or "MSG"), has been a Virginia limited liability company having its principal place of business located at 720 Moorefield Park Drive, Suite. 200, Richmond, Virginia, 23832.

5.     At all times relevant hereto, while conducting business in Ohio, Defendants have been subject to, and required to abide by, the laws of the United States and the State of Ohio, which include the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq*., and its related regulations ("TCPA Regulations) that are set forth at 47 C.F.R. §64.1200, as well as the opinions, regulations and orders issued by Courts and the Federal Communications Commission ("FCC") implementing and enforcing the TCPA, and the Ohio Consumer Sales Practices Act ("CSPA"), O.R.C. §1345.01, *et seq.*

## Jurisdiction and Venue

6.     This Court has personal jurisdiction over the Parties.

7.     This Court has:

(a)     Original diversity jurisdiction over the parties and the claims asserted herein pursuant to 28 U.S.C. §1332 because there is complete diversity

2

between Plaintiff and Defendant, and the amount in controversy well exceeds $75,000.00 in the aggregate; and

(b)    Original federal question jurisdiction over the parties and the TCPA claims asserted herein pursuant to 47 U.S.C. §227, *et seq.*,[1] and supplemental jurisdiction over Plaintiff's claims under the laws of the state of Ohio pursuant to 28 U.S.C. §1367 because such claims are so related to claims in this action within the Court's original subject matter jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.

8.    Venue is proper because all or a substantial part of the events giving rise to the claims herein occurred within the Southern District of Ohio, Eastern Division, including Plaintiff's receipt of Defendants' 33 telemarketing calls to Plaintiff's residence.

### **Plaintiff's Claims**

9.    Each of the following court decisions were on file in the Office of the Ohio Attorney, within its Public Inspection File (hereafter "PIF"), prior to the events complained of herein:

(a)    *Charvat v. Doucet* (Feb. 23, 2004) Franklin C.P. Case No. 03CVH08-9221, unreported, OAG PIF# 2218 (Filed in PIF on Feb. 27, 2004);

---

[1] Plaintiff and his counsel are aware of the ruling issued by the U.S. Sixth Circuit Court of Appeals in *Dun-Rite Construction, Inc. v. Amazing Tickets, Inc*., 2004 U.S. App. LEXIS 28047 (2004), in which the appeals court held that federal courts lack subject matter jurisdiction over claims brought under the TCPA. However, since *Dun-Rite* was issued, there have been several other court rulings, including one by the United States Supreme Court, which have come to light or been issued, and which cast considerable doubt on the correctness of the ruling in *Dun-Rite*. Recently, the Honorable Magistrate Judge Michael R. Merz of the Southern District of Ohio, Western Division at Dayton, issued a Decision and Order in *David Hamilton v. United Health Group, et al*., Case No. 3:08-cv-279 (Document No. 19, September 25, 2008), which fully supports Plaintiff's assertion herein that this Court has original subject matter jurisdiction over his TCPA claims. In *Hamilton*, the court denied the plaintiff's motion to remand his case asserting claims under the TCPA, which he had initiated in Dayton Municipal Court, finding that the federal courts have original jurisdiction over claims brought under the TCPA.

(b)     *Charvat v. Continental Mortgage Services, Inc*. (June 1, 2000), Franklin C.P. Case No. 99CVH12-10225, unreported; OAG PIF# 1882 (Filed in PIF on June 2, 2000);

(c)     *Burdge v. Satellite Systems Network, LLC* (May 11, 2005), Fairfield M.C. Case No. 2005 CVF 00243, unreported, OAG PIF# 2344 (Filed in PIF on May 12, 2005);

(d)     *State ex rel. Petro v. Wyatt dba Ohio Tree Transplant* (Nov. 18, 2003) Delaware C.P. Case No. 03-CV-H-10-726, unreported, OAG PIF# 2197 (Filed in PIF on Nov. 19, 2003);

(e)     *State ex rel. Petro v. Consumer Grants USA, Inc.* (Dec. 21, 2005) Franklin C.P. Case No. 04CVH-10-10754, unreported, OAG PIF# 2459 (Filed in PIF on June 22, 2006);

(f)     *Charvat v. Mobley* (Sept. 5, 2002) Franklin C.P. Case No. 02CVH-01-01, unreported, OAG PIF# 2113 (Filed in PIF on Sept. 9, 2002);

(g)     *Teleis v. Warrior Custom Golf, Inc.* (June 11, 2004), Summit M.C. Case No. 2004 CVI 1034, unreported, OAG PIF# 2257 (Filed in PIF on June 18, 2004);

(h)     *State ex rel. Celebrezze v. Mosley* (May 8, 1987), Franklin C.P. Case No. 87-CV-042228, unreported, OAG PIF# 868 (Filed in PIF on May 15, 1987);

(i)     *Ladarkis v. Martin* (July 29, 1994), Summit C.P. Case No. CV94-01-0234, unreported, OAG PIF# 1436 (Filed in PIF on Aug. 9, 2004);

(j)     *State ex rel. Celebrezze v. Lloyd* (May 25, 1983), Franklin C.P. Case No. 82-CV-06–3184, unreported, OAG PIF# 5 (Filed in PIF on May 26, 1983);

(k)     *Burdge v. Kandassubs, Inc.* (Apr. 28, 2006), Butler C.P. Case No. 2005-11-3562, unreported, OAG PIF# 2429 (Filed in PIF on May 2, 2006);

(l)     *State ex rel. Montgomery v. Bayview Group, Inc.* (Sept. 16, 1998), Franklin C.P. Case No. 97CVH12-10749, unreported, OAG PIF# 1727 (Filed in PIF on Sept. 16, 1998);

(m)     *State ex rel. Montgomery v. Loan By Phone Financing dba Burlington Credit Service* (Nov. 12, 1998), Franklin C.P. Case No. 97CVH129-10750, unreported, OAG PIF# 1706 (Filed in PIF on Nov. 12, 1998); and

(n)     *State ex rel. Montgomery v. Holecek dba The Holecek Company* (Aug. 31, 2000), Stark C.P. Case No. 2000CV01490, unreported, OAG PIF# 2003 (Filed in PIF on Aug. 27, 2001).

10.     As of the date of the filing of this Complaint, Plaintiff had never done any form of business with either Defendant.

11.     Upon information and belief: (a) on September 12, 2008, at approximately 12:45 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "First Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to voluntarily state the caller's name; and

5

(c)     Failed to voluntarily state the caller's telephone number or address where the caller may be contacted;

12.     Upon information and belief: (a) on September 18, 2008, at approximately 5:38 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live agent telemarketing call (the "Second Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly failed to state at the beginning of the call that the purpose of the call was to make a sale.

13.     Upon information and belief: (a) on September 20, 2008, at approximately 12:48 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live agent telemarketing call (the "Third Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Failed to record Plaintiff's name and/or residential telephone number on its Do-Not-Call List; and

(b)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

14.     During the Third Call, Plaintiff asked Defendants or their authorized agent to place Plaintiff's name and Plaintiff's Residential Telephone Number on Defendant's Do-No-Call List.

15.     Upon information and belief: (a) on September 30, 2008, at approximately 12:37

p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Fourth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to voluntarily state the caller's name;

      (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

16.    Upon information and belief: (a) on October 4, 2008, at approximately 11:48 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Fifth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to voluntarily state the caller's name;

      (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

17.     Upon information and belief: (a) on October 15, 2008, at approximately 10:39 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Sixth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to voluntarily state the caller's name;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

18.     Upon information and belief: (a) on October 16, 2008, at approximately 10:39 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Seventh Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call,

8

Defendants or their authorized agent knowingly and/or willfully:

    (a)    Called without Plaintiff's prior express consent;

    (b)    Failed to voluntarily state the caller's name;

    (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

    (d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

    (e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

19.    Upon information and belief: (a) on October 17, 2008, at approximately 11:25 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Eighth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

    (a)    Called without Plaintiff's prior express consent;

    (b)    Failed to voluntarily state the caller's name;

    (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

    (d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

    (e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

20.     Upon information and belief: (a) on October 21, 2008, at approximately 3:05 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Ninth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

    (a)    Called without Plaintiff's prior express consent;

    (b)    Failed to voluntarily state the caller's name;

    (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

    (d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

    (e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

21.     Upon information and belief: (a) on October 28, 2008, at approximately 12:12 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Tenth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

    (a)    Called without Plaintiff's prior express consent;

    (b)    Failed to voluntarily state the caller's name;

    (c)    Failed to maintain a record of Plaintiff's previous demand that the caller

place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

22.     Upon information and belief: (a) on October 29, 2008, at approximately 11:00 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Eleventh Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to voluntarily state the caller's name;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

23.     Upon information and belief: (a) on October 30, 2008, at approximately 11:34 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Twelfth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of

11

selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

  (a)    Called without Plaintiff's prior express consent;

  (b)    Failed to voluntarily state the caller's name;

  (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

  (d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

  (e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

24.    Upon information and belief: (a) on October 31, 2008, at approximately 10:43 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Thirteenth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

  (a)    Called without Plaintiff's prior express consent;

  (b)    Failed to voluntarily state the caller's name;

  (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

  (d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

  (e)    Failed to state at the beginning of the call that the purpose of the call was

to make a sale.

25.     Upon information and belief: (a) on November 1, 2008, at approximately 9:05 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Fourteenth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to voluntarily state the caller's name;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

26.     Upon information and belief: (a) on November 3, 2008, at approximately 10:04 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Fifteenth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to voluntarily state the caller's name;

13

(c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

27.    Upon information and belief: (a) on November 4, 2008, at approximately 12:17 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Sixteenth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent;

(b)    Failed to voluntarily state the caller's name;

(c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

28.    Upon information and belief: (a) on November 5, 2008, at approximately 11:46 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the

"Seventeenth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to voluntarily state the caller's name;

      (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

29.    Upon information and belief: (a) on November 6, 2008, at approximately 11:46 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Eighteenth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to voluntarily state the caller's name;

      (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

30.     Upon information and belief: (a) on November 10, 2008, at approximately 10:50 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Nineteenth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)     Called without Plaintiff's prior express consent;

      (b)     Failed to voluntarily state the caller's name;

      (c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

31.     Upon information and belief: (a) on November 11, 2008, at approximately 11:50 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Twentieth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)     Called without Plaintiff's prior express consent;

     (b)     Failed to voluntarily state the caller's name;

     (c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

     (d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

     (e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

32.    Upon information and belief: (a) on November 14, 2008, at approximately 11:10 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Twenty-First Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

     (a)     Called without Plaintiff's prior express consent;

     (b)     Failed to voluntarily state the caller's name;

     (c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

     (d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

     (e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

33.    Upon information and belief: (a) on November 15, 2008, at approximately 12:24 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized

agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Twenty-Second Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

     (a)    Called without Plaintiff's prior express consent;

     (b)    Failed to voluntarily state the caller's name;

     (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

     (d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

     (e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

34.    Upon information and belief: (a) on November 18, 2008, at approximately 11:20 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Twenty-Third Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

     (a)    Called without Plaintiff's prior express consent;

     (b)    Failed to voluntarily state the caller's name;

     (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

     (d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's

name on its Do-Not-Call List; and

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

35.     Upon information and belief: (a) on November 19, 2008, at approximately 9:30 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Twenty-Fourth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to voluntarily state the caller's name;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

36.     Upon information and belief: (a) on November 20, 2008, at approximately 10:47 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Twenty-Fifth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

    (a)    Called without Plaintiff's prior express consent;

    (b)    Failed to voluntarily state the caller's name;

    (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

    (d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

    (e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

37.    Upon information and belief: (a) on November 21, 2008, at approximately 11:45 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Twenty-Sixth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

    (a)    Called without Plaintiff's prior express consent;

    (b)    Failed to voluntarily state the caller's name;

    (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

    (d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

    (e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

38.    Upon information and belief: (a) on November 28, 2008, at approximately 10:17

20

a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Twenty-Seventh Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to voluntarily state the caller's name;

      (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

      39.    Upon information and belief: (a) on December 2, 2008, at approximately 9:38 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Twenty-Eighth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to voluntarily state the caller's name;

      (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

40.    Upon information and belief: (a) on December 3, 2008, at approximately 10:50 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Twenty-Ninth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to voluntarily state the caller's name;

      (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

41.    Upon information and belief: (a) on December 4, 2008, at approximately 9:40 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Thirtieth Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call,

Defendants or their authorized agent knowingly and/or willfully:

    (a)    Called without Plaintiff's prior express consent;

    (b)    Failed to voluntarily state the caller's name;

    (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

    (d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

    (e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

42.    Upon information and belief: (a) on December 5, 2008, at approximately 10:01 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Thirty-First Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

    (a)    Called without Plaintiff's prior express consent;

    (b)    Failed to voluntarily state the caller's name;

    (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

    (d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

    (e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

43.    Upon information and belief: (a) on December 6, 2008, at approximately 10:33 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Thirty-Second Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to voluntarily state the caller's name;

      (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

44.    Upon information and belief: (a) on December 12, 2008, at approximately 1:41 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a prerecorded voice message telemarketing call (the "Thirty-Third Call") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to voluntarily state the caller's name;

      (c)    Failed to maintain a record of Plaintiff's previous demand that the caller

24

place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

45.     In regard to each of the above-described 33 calls to Plaintiff's residence:

(a)     Each Defendant was a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not it deals directly with consumers, and, therefore, was a "supplier" as defined in O.R.C. §1345.01(C);

(b)     Plaintiff was a "consumer" as defined in O.R.C. §1345.01(D);

(c)     Plaintiff was a "recipient" as this term is used in 47 U.S.C. §227, *et seq.*;

(d)     Each call was a solicitation to sell, lease, assign, award by chance or otherwise transfer an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household and, therefore, was a "consumer transaction" as defined in O.R.C. §1345.01(A);

(e)     Each call was initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services and, therefore, each was a "telephone solicitation" as defined in 47 U.S.C. §227(a)(3); and

(f)     Each of the prerecorded voice message calls (those being all of the calls except for the Second Call and the Third Call) contained material advertising the commercial availability or quality of property, goods or

services, which was transmitted to Plaintiff without Plaintiff's prior express invitation or permission, in writing or otherwise and, therefore, was an "unsolicited advertisement" as defined in 47 U.S.C. §227(a)(5).

## COUNT 1

### (First Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

46.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

47.     Defendant's conduct, in placing the First Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

48.     Defendant's conduct, in placing the First Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 2

### (First Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

49.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

50.     Defendant's conduct, in placing the First Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

51.     Defendant's conduct, in placing the First Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the

beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 3

### (First Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

52.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

53.     Defendant's conduct, in placing the First Call to Plaintiff's residence and failing to voluntarily identify the telephone number or address of the business, individual, or other entity initiating the call, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

54.     Defendant's conduct, in placing the First Call to Plaintiff's residence and failing to voluntarily identify the telephone number or address of the business, Individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 4

### (First Call - Violation of the CSPA, O.R.C. §1345.02(A))

55.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

56.     Defendant's conduct, in placing the First Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).[2]

---

[2] Under Ohio law, a violation of the TCPA is also a violation of O.R.C. §1345.02(A) of the Ohio Consumer Sales

57.     Defendant's conduct, in placing the First Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 5

### (First Call - Violation of the CSPA, O.R.C. §1345.02(A))

58.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

59.     Defendant's conduct, in placing the First Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

60.     Defendant's conduct, in placing the First Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 6

### (First Call – Violation of the CSPA, O.R.C. §1345.02(A))

---

Practices Act. *See Charvat v. Continental Mortgage Services, Inc.*, Case No. 99CVH12-10255 (Franklin County, Com. Pl., OAG PIF # 1882, 2000); *Chambers v. R & C Delivery*, Case No. 437887 (Cuyahoga Com Pl., OAG PIF # 2070, 2002); *Compoli v. EIP Limited*, Case No. 446780, (Cuyahoga  Com Pl., OAG PIF # 2073, 2002).  The CSPA provides for minimum statutory damages of $200 against any defendant who commits an act or practice that has been held to previously violate the CSPA.  *See* O.R.C. §1345.09(B).  Furthermore, Plaintiff is entitled to an award of reasonable attorneys fees against any defendant who knowingly engages conduct that violates the CSPA. *See* O.R.C. §1345.09(F); *Einhorn v. Ford Motor* Co., 48 Ohio St.3d 27 (1990).

28

61.  Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

62.  Defendant's conduct, in placing the First Call to Plaintiff's residence and failing to voluntarily identify the telephone number or address of the business, individual, or other entity initiating the call, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

63.  Defendant's conduct, in placing the First Call to Plaintiff's residence and failing to voluntarily identify the telephone number or address of the business, individual, or other entity initiating the call, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 7

### (Third Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

64.  Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

65.  In placing the Third Call to deliver a telephone solicitation to Plaintiff's residence, and failing to record Plaintiff's name and/or telephone number on its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

66.  Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

29

## COUNT 8

**(Third Call – Violation of the TCPA and TCPA Regulations,
47  U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))**

67.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

68.     In placing the Third Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

69.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 9

**(Third Call – Violation of the CSPA, O.R.C. §1345.02(A))**

70.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

71.     In placing the Third Call to deliver a telephone solicitation to Plaintiff's residence, and failing to record Plaintiff's name and/or telephone number on its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

72.     Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 10

### (Third Call – Violation of the CSPA, O.R.C. §1345.02(A))

73.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

74.    In placing the Third Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), which constitutes a knowing violation of O.R.C. §1345.02(A).

75.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 11

### (Fourth Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

76.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

77.    Defendant's conduct, in placing the Fourth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

78.    Defendant's conduct, in placing the Fourth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 12

**(Fourth Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))**

79.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

80.     Defendant's conduct, in placing the Fourth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

81.     Defendant's conduct, in placing the Fourth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 13

**(Fourth Call – Violation of the TCPA and TCPA Regulations,
47  U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**

82.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

83.     In placing the Fourth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

84.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 14

**(Fourth Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**

85.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

86.     In placing the Fourth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

87.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 15

**(Fourth Call - Violation of the CSPA, O.R.C. §1345.02(A))**

88.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

89.     Defendant's conduct, in placing the Fourth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

90.     Defendant's conduct, in placing the Fourth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for

this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 16

### (Fourth Call – Violation of the CSPA, O.R.C. §1345.02(A)

91.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

92.     Defendant's conduct, in placing the Fourth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

93.     Defendant's conduct, in placing the Fourth Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 17

### (Fourth Call – Violation of the CSPA, O.R.C. §1345.02(A))

94.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

95.     In placing the Fourth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

96. Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 18

### (Fourth Call – Violation of the CSPA, O.R.C. §1345.02(A))

97. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

98. In placing the Fourth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

99. Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 19

### (Fourth Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

100. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

101. Defendant's conduct, in placing the Fourth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

102. Defendant's conduct, in placing the Fourth Call to Plaintiff's residence and failing

35

to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 20

### (Fifth Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

103.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

104.    Defendant's conduct, in placing the Fifth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

105.    Defendant's conduct, in placing the Fifth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 21

### (Fifth Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

106.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

107.    Defendant's conduct, in placing the Fifth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

108.    Defendant's conduct, in placing the Fifth Call to Plaintiff's residence and failing

to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

<b><u>COUNT 22</u></b>

<b>(Fifth Call – Violation of the TCPA and TCPA Regulations,<br>47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))</b>

109.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

110.    In placing the Fifth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

111.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

<b><u>COUNT 23</u></b>

<b>(Fifth Call – Violation of the TCPA and TCPA Regulations,<br>47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))</b>

112.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

113.    In placing the Fifth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C.

37

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

114.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 24

### (Fifth Call - Violation of the CSPA, O.R.C. §1345.02(A))

115.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

116.    Defendant's conduct, in placing the Fifth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

117.    Defendant's conduct, in placing the Fifth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 25

### (Fifth Call – Violation of the CSPA, O.R.C. §1345.02(A)

118.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

119.    Defendant's conduct, in placing the Fifth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

120.     Defendant's conduct, in placing the Fifth Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 26

### (Fifth Call – Violation of the CSPA, O.R.C. §1345.02(A))

121.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

122.     In placing the Fifth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

123.     Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 27

### (Fifth Call – Violation of the CSPA, O.R.C. §1345.02(A))

124.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

125.     In placing the Fifth Call to deliver a telephone solicitation to Plaintiff's residence,

and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

126.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 28

### (Fifth Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

127.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

128.    Defendant's conduct, in placing the Fifth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

129.    Defendant's conduct, in placing the Fifth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 29

### (Sixth Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

130.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

131.    Defendant's conduct, in placing the Sixth Call to Plaintiff's residence to deliver

an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

132.    Defendant's conduct, in placing the Sixth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 30

### (Sixth Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

133.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

134.    Defendant's conduct, in placing the Sixth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

135.    Defendant's conduct, in placing the Sixth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 31

### (Sixth Call – Violation of the TCPA and TCPA Regulations, U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))

136.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing

paragraphs.

137.    In placing the Sixth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

138.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 32

### (Sixth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

139.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

140.    In placing the Sixth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

141.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 33

### (Sixth Call - Violation of the CSPA, O.R.C. §1345.02(A))

142.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

143.    Defendant's conduct, in placing the Sixth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).   Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

144.    Defendant's conduct, in placing the Sixth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 34

### (Sixth Call – Violation of the CSPA, O.R.C. §1345.02(A)

145.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

146.    Defendant's conduct, in placing the Sixth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).   Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

147.    Defendant's conduct, in placing the Sixth Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 35

**(Sixth Call – Violation of the CSPA, O.R.C. §1345.02(A))**

148.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

149.     In placing the Sixth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

150.     Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 36

**(Sixth Call – Violation of the CSPA, O.R.C. §1345.02(A))**

151.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

152.     In placing the Sixth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

153.     Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an

award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 37

### (Sixth Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

154.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

155.    Defendant's conduct, in placing the Sixth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

156.    Defendant's conduct, in placing the Sixth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 38

### (Seventh Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

157.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

158.    Defendant's conduct, in placing the Seventh Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

159.    Defendant's conduct, in placing the Seventh Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff

is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 39

### (Seventh Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

160.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

161.    Defendant's conduct, in placing the Seventh Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

162.    Defendant's conduct, in placing the Seventh Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 40

### (Seventh Call – Violation of the TCPA and TCPA Regulations, U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))

163.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

164.    In placing the Seventh Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

165.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B)

and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 41

### (Seventh Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

166.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

167.    In placing the Seventh Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

168.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 42

### (Seventh Call - Violation of the CSPA, O.R.C. §1345.02(A))

169.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

170.    Defendant's conduct, in placing the Seventh Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).   Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

171.    Defendant's conduct, in placing the Seventh Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval,

constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 43

### (Seventh Call – Violation of the CSPA, O.R.C. §1345.02(A)

172.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

173.     Defendant's conduct, in placing the Seventh Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

174.     Defendant's conduct, in placing the Seventh Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 44

### (Seventh Call – Violation of the CSPA, O.R.C. §1345.02(A))

175.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

176.     In placing the Seventh Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully

violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

177.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 45

### (Seventh Call – Violation of the CSPA, O.R.C. §1345.02(A))

178.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

179.    In placing the Seventh Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

180.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 46

### (Seventh Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

181.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

182.    Defendant's conduct, in placing the Seventh Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates  O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice

in violation of O.R.C. §1345.02(A).

183.    Defendant's conduct, in placing the Seventh Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 47

### (Eighth Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

184.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

185.    Defendant's conduct, in placing the Eighth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

186.    Defendant's conduct, in placing the Eighth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 48

### (Eighth Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

187.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

188.    Defendant's conduct, in placing the Eighth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to

an award of statutory damages in the minimum amount of $500 for this violation.

189.    Defendant's conduct, in placing the Eighth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 49

### (Eighth Call – Violation of the TCPA and TCPA Regulations, U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))

190.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

191.    In placing the Eighth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

192.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 50

### (Eighth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

193.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

194.    In placing the Eighth Call to deliver a telephone solicitation to Plaintiff's

residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

195.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 51

### (Eighth Call - Violation of the CSPA, O.R.C. §1345.02(A))

196.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

197.    Defendant's conduct, in placing the Eighth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

198.    Defendant's conduct, in placing the Ninth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 52

### (Eighth Call – Violation of the CSPA, O.R.C. §1345.02(A)

199.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

200.    Defendant's conduct, in placing the Eighth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the

beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an

unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

201.    Defendant's conduct, in placing the Eighth Call to Plaintiff's residence and failing

to voluntarily identify the business, individual, or other entity initiating the call at the beginning

of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is

entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C.

§1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to

O.R.C. §1345.09(F).

## COUNT 53

### (Eighth Call – Violation of the CSPA, O.R.C. §1345.02(A))

202.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing

paragraphs.

203.    In placing the Eighth Call to deliver a telephone solicitation to Plaintiff's

residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his

name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully

violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing

violation of O.R.C. §1345.02(A).

204.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled

to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an

award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 54

### (Eighth Call – Violation of the CSPA, O.R.C. §1345.02(A))

205.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing

paragraphs.

206. In placing the Eighth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

207. Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

### COUNT 55

**(Eighth Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))**

208. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

209. Defendant's conduct, in placing the Eighth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

210. Defendant's conduct, in placing the Eighth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

### COUNT 56

**(Ninth Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))**

211.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

212.     Defendant's conduct, in placing the Ninth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

213.     Defendant's conduct, in placing the Ninth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 57

### (Ninth Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

214.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

215.     Defendant's conduct, in placing the Ninth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

216.     Defendant's conduct, in placing the Ninth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 58

**(Ninth Call – Violation of the TCPA and TCPA Regulations,
U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**

217.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

218.    In placing the Ninth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

219.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

**COUNT 59**

**(Ninth Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**

220.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

221.    In placing the Ninth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

222.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

**COUNT 60**

**(Ninth Call - Violation of the CSPA, O.R.C. §1345.02(A))**

223.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

224.   Defendant's conduct, in placing the Ninth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).   Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

225.   Defendant's conduct, in placing the Ninth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

**COUNT 61**

**(Ninth Call – Violation of the CSPA, O.R.C. §1345.02(A)**

226.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

227.   Defendant's conduct, in placing the Ninth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).   Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

228.   Defendant's conduct, in placing the Ninth Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to

O.R.C. §1345.09(F).

## COUNT 62

### (Ninth Call – Violation of the CSPA, O.R.C. §1345.02(A))

229.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

230.    In placing the Ninth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

231.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 63

### (Ninth Call – Violation of the CSPA, O.R.C. §1345.02(A))

232.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

233.    In placing the Ninth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

234.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled

to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 64

### (Ninth Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

235.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

236.    Defendant's conduct, in placing the Ninth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

237.    Defendant's conduct, in placing the Ninth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 65

### (Tenth Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

238.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

239.    Defendant's conduct, in placing the Tenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

240.    Defendant's conduct, in placing the Tenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval,

constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 66

### (Tenth Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

241.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

242.    Defendant's conduct, in placing the Tenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

243.    Defendant's conduct, in placing the Tenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 67

### (Tenth Call – Violation of the TCPA and TCPA Regulations, U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))

244.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

245.    In placing the Tenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

246.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 68

### (Tenth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

247.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

248.    In placing the Tenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

249.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 69

### (Tenth Call - Violation of the CSPA, O.R.C. §1345.02(A))

Plaintiff **hereby** incorporates, as if fully rewritten herein, all foregoing paragraphs.

250.    Defendant's conduct, in placing the Tenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

251.    Defendant's conduct, in placing the Tenth Call to Plaintiff's residence to deliver

an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 70

### (Tenth Call – Violation of the CSPA, O.R.C. §1345.02(A)

252.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

253.   Defendant's conduct, in placing the Tenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

254.   Defendant's conduct, in placing the Tenth Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 71

### (Tenth Call – Violation of the CSPA, O.R.C. §1345.02(A))

255.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

256.   In placing the Tenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his

name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

257.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 72

### (Tenth Call – Violation of the CSPA, O.R.C. §1345.02(A))

258.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

259.    In placing the Tenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

260.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 73

### (Tenth Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

261.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

262.    Defendant's conduct, in placing the Tenth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates

O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

263.    Defendant's conduct, in placing the Tenth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 74

### (Eleventh Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

264.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

265.    Defendant's conduct, in placing the Eleventh Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

266.    Defendant's conduct, in placing the Eleventh Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 75

### (Eleventh Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

267.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

268.    Defendant's conduct, in placing the Eleventh Call to Plaintiff's residence and

failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

269.    Defendant's conduct, in placing the Eleventh Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 76

### (Eleventh Call – Violation of the TCPA and TCPA Regulations, U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))

270.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

271.    In placing the Eleventh Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

272.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 77

### (Eleventh Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

273.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing

paragraphs.

274.     In placing the Eleventh Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

275.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 78

**(Eleventh Call - Violation of the CSPA, O.R.C. §1345.02(A))**

276.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

277.     Defendant's conduct, in placing the Eleventh Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

278.     Defendant's conduct, in placing the Eleventh Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 79

**(Eleventh Call – Violation of the CSPA, O.R.C. §1345.02(A)**

279.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

280.    Defendant's conduct, in placing the Eleventh Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

281.    Defendant's conduct, in placing the Eleventh Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 80

### (Eleventh Call – Violation of the CSPA, O.R.C. §1345.02(A))

282.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

283.    In placing the Eleventh Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

284.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 81

### (Eleventh Call – Violation of the CSPA, O.R.C. §1345.02(A))

285.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

286.    In placing the Eleventh Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

287.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 82

### (Eleventh Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

288.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

289.    Defendant's conduct, in placing the Eleventh Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates  O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

290.    Defendant's conduct, in placing the Eleventh Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for

this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 83

### (Twelfth Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

291.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

292.    Defendant's conduct, in placing the Twelfth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

293.    Defendant's conduct, in placing the Twelfth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 84

### (Twelfth Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

294.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

295.    Defendant's conduct, in placing the Twelfth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

296.    Defendant's conduct, in placing the Twelfth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the

amount of $1,500 for this violation.

## COUNT 85

### (Twelfth Call – Violation of the TCPA and TCPA Regulations, U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))

297.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

298.    In placing the Twelfth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

299.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 86

### (Twelfth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

300.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

301.    In placing the Twelfth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

302.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the

amount of $1,500.

## COUNT 87

### (Twelfth Call - Violation of the CSPA, O.R.C. §1345.02(A))

303.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

304.    Defendant's conduct, in placing the Twelfth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

305.    Defendant's conduct, in placing the Twelfth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 88

### (Twelfth Call – Violation of the CSPA, O.R.C. §1345.02(A)

306.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

307.    Defendant's conduct, in placing the Twelfth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

308.    Defendant's conduct, in placing the Twelfth Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore,

Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 89

### (Twelfth Call – Violation of the CSPA, O.R.C. §1345.02(A))

309.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

310.    In placing the Twelfth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

311.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 90

### (Twelfth Call – Violation of the CSPA, O.R.C. §1345.02(A))

312.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

313.    In placing the Twelfth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of

O.R.C. §1345.02(A).

314.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 91

**(Twelfth Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))**

315.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

316.    Defendant's conduct, in placing the Twelfth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates  O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

317.    Defendant's conduct, in placing the Twelfth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 92

**(Thirteenth Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))**

318.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

319.    Defendant's conduct, in placing the Thirteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

320.    Defendant's conduct, in placing the Thirteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 93

### (Thirteenth Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

321.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

322.    Defendant's conduct, in placing the Thirteenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

323.    Defendant's conduct, in placing the Thirteenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 94

### (Thirteenth Call – Violation of the TCPA and TCPA Regulations, U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))

324.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

325.    In placing the Thirteenth Call to deliver a telephone solicitation to Plaintiff's

residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

326. Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 95

### (Thirteenth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

327. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

328. In placing the Thirteenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

329. Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 96

### (Thirteenth Call - Violation of the CSPA, O.R.C. §1345.02(A))

330. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

331. Defendant's conduct, in placing the Thirteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or

approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

332.    Defendant's conduct, in placing the Thirteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 97

### (Thirteenth Call – Violation of the CSPA, O.R.C. §1345.02(A))

333.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

334.    Defendant's conduct, in placing the Thirteenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

335.    Defendant's conduct, in placing the Thirteenth Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 98

### (Thirteenth Call – Violation of the CSPA, O.R.C. §1345.02(A))

76

336.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

337.     In placing the Thirteenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

338.     Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

**COUNT 99**

**(Thirteenth Call – Violation of the CSPA, O.R.C. §1345.02(A))**

339.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

340.     In placing the Thirteenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

341.     Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 100

### (Thirteenth Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

342.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

343.    Defendant's conduct, in placing the Thirteenth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates  O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

344.    Defendant's conduct, in placing the Thirteenth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 101

### (Fourteenth Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

345.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

346.    Defendant's conduct, in placing the Fourteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

347.    Defendant's conduct, in placing the Number Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff

is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 102

### (Fourteenth Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

348.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

349.    Defendant's conduct, in placing the Fourteenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

350.    Defendant's conduct, in placing the Fourteenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 103

### (Fourteenth Call – Violation of the TCPA and TCPA Regulations, U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))

351.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

352.    In placing the Fourteenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

353.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B)

and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 104

**(Fourteenth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**

354.

355.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

356.    In placing the Fourteenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

357.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 105

**(Fourteenth Call - Violation of the CSPA, O.R.C. §1345.02(A))**

358.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

359.    Defendant's conduct, in placing the Fourteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

360.    Defendant's conduct, in placing the Fourteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or

approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

### COUNT 106

### (Fourteenth Call – Violation of the CSPA, O.R.C. §1345.02(A)

361.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

362.    Defendant's conduct, in placing the Fourteenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

363.    Defendant's conduct, in placing the Fourteenth Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

### COUNT 107

### (Fourteenth Call – Violation of the CSPA, O.R.C. §1345.02(A))

364.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

365.    In placing the Fourteenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his

name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

366.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 108

### (Fourteenth Call – Violation of the CSPA, O.R.C. §1345.02(A))

367.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

368.    In placing the Fourteenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

369.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 109

### (Fourteenth Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

370.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

371.    Defendant's conduct, in placing the Fourteenth Call to Plaintiff's residence and

failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

372.    Defendant's conduct, in placing the Fourteenth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 110

### (Fifteenth Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

373.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

374.    Defendant's conduct, in placing the Fifteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

375.    Defendant's conduct, in placing the Fifteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 111

### (Fifteenth Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

376.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

377. Defendant's conduct, in placing the Fifteenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

378. Defendant's conduct, in placing the Fifteenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

### COUNT 112

**(Fifteenth Call – Violation of the TCPA and TCPA Regulations,
U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**

379. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

380. In placing the Fifteenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

381. Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

### COUNT 113

**(Fifteenth Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**

382.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

383.     In placing the Fifteenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

384.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 114

### (Fifteenth Call - Violation of the CSPA, O.R.C. §1345.02(A))

385.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

386.     Defendant's conduct, in placing the Fifteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

387.     Defendant's conduct, in placing the Fifteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 115

### (Fifteenth Call – Violation of the CSPA, O.R.C. §1345.02(A)

388.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

389.    Defendant's conduct, in placing the Fifteenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

390.    Defendant's conduct, in placing the Fifteenth Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 116

### (Fifteenth Call – Violation of the CSPA, O.R.C. §1345.02(A))

391.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

392.    In placing the Fifteenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

393.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled

to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 117

### (Fifteenth Call – Violation of the CSPA, O.R.C. §1345.02(A))

394.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

395.     In placing the Fifteenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

396.     Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 118

### (Fifteenth Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

397.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

398.     Defendant's conduct, in placing the Fifteenth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates  O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

399.     Defendant's conduct, in placing the Fifteenth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale,

constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 119

### (Sixteenth Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

400.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

401.    Defendant's conduct, in placing the Sixteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

402.    Defendant's conduct, in placing the Sixteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 120

### (Sixteenth Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

403.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

404.    Defendant's conduct, in placing the Sixteenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

405.    Defendant's conduct, in placing the Sixteenth Call to Plaintiff's residence and

failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 121

**(Sixteenth Call – Violation of the TCPA and TCPA Regulations,
U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**

406.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

407.    In placing the Sixteenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

408.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 122

**(Sixteenth Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**

409.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

410.    In placing the Sixteenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47

U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

411.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 123

### (Sixteenth Call - Violation of the CSPA, O.R.C. §1345.02(A))

412.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

413.    Defendant's conduct, in placing the Sixteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

414.    Defendant's conduct, in placing the Sixteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 124

### (Sixteenth Call – Violation of the CSPA, O.R.C. §1345.02(A)

415.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

416.    Defendant's conduct, in placing the Sixteenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes

90

an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

417.    Defendant's conduct, in placing the Sixteenth Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 125

### (Sixteenth Call – Violation of the CSPA, O.R.C. §1345.02(A))

418.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

419.    In placing the Sixteenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

420.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 126

### (Sixteenth Call – Violation of the CSPA, O.R.C. §1345.02(A))

421.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

422. In placing the Sixteenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

423. Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 127

**(Sixteenth Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))**

424. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

425. Defendant's conduct, in placing the Sixteenth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

426. Defendant's conduct, in placing the Sixteenth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 128

**(Seventeenth Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))**

427. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

428.    Defendant's conduct, in placing the Seventeenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

429.    Defendant's conduct, in placing the Seventeenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 129

### (Seventeenth Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

430.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

431.    Defendant's conduct, in placing the Seventeenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

432.    Defendant's conduct, in placing the Seventeenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 130

### (Seventeenth Call – Violation of the TCPA and TCPA Regulations,

**U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**

433.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

434.    In placing the Seventeenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

435.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 131

### (Seventeenth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

436.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

437.    In placing the Seventeenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

438.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 132

**(Seventeenth Call - Violation of the CSPA, O.R.C. §1345.02(A))**

439.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

440.    Defendant's conduct, in placing the Seventeenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

441.    Defendant's conduct, in placing the Seventeenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 133

**(Seventeenth Call – Violation of the CSPA, O.R.C. §1345.02(A)**

442.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

443.    Defendant's conduct, in placing the Seventeenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

444.    Defendant's conduct, in placing the Seventeenth Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to

O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 134

### (Seventeenth Call – Violation of the CSPA, O.R.C. §1345.02(A))

445.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

446.    In placing the Seventeenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

447.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 135

### (Seventeenth Call – Violation of the CSPA, O.R.C. §1345.02(A))

448.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

449.    In placing the Seventeenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

450.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 136

### (Seventeenth Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

451.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

452.    Defendant's conduct, in placing the Seventeenth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates  O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

453.    Defendant's conduct, in placing the Seventeenth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 137

### (Eighteenth Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

454.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

455.    Defendant's conduct, in placing the Eighteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

456. Defendant's conduct, in placing the Eighteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 138

### (Eighteenth Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

457. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

458. Defendant's conduct, in placing the Eighteenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

459. Defendant's conduct, in placing the Eighteenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 139

### (Eighteenth Call – Violation of the TCPA and TCPA Regulations, U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))

460. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

461. In placing the Eighteenth Call to deliver a telephone solicitation to Plaintiff's

residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

462.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 140

### (Eighteenth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

463.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

464.    In placing the Eighteenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

465.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 141

### (Eighteenth Call - Violation of the CSPA, O.R.C. §1345.02(A))

466.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

467.    Defendant's conduct, in placing the Eighteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or

approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

468.    Defendant's conduct, in placing the Eighteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 142

### (Eighteenth Call – Violation of the CSPA, O.R.C. §1345.02(A))

469.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

470.    Defendant's conduct, in placing the Eighteenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

471.    Defendant's conduct, in placing the Eighteenth Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 143

### (Eighteenth Call – Violation of the CSPA, O.R.C. §1345.02(A))

472. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

473. In placing the Eighteenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

474. Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 144

### (Eighteenth Call – Violation of the CSPA, O.R.C. §1345.02(A))

475. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

476. In placing the Eighteenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

477. Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 145

### (Eighteenth Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

478.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

479.    Defendant's conduct, in placing the Eighteenth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

480.    Defendant's conduct, in placing the Eighteenth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 146

### (Nineteenth Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

481.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

482.    Defendant's conduct, in placing the Nineteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

483.    Defendant's conduct, in placing the Nineteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and,

therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 147

**(Nineteenth Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))**

484.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

485.    Defendant's conduct, in placing the Nineteenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

486.    Defendant's conduct, in placing the Nineteenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 148

**(Nineteenth Call – Violation of the TCPA and TCPA Regulations,
U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**

487.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

488.    In placing the Nineteenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

489.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 149

### (Nineteenth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

490.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

491.    In placing the Nineteenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

492.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 150

### (Nineteenth Call - Violation of the CSPA, O.R.C. §1345.02(A))

493.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

494.    Defendant's conduct, in placing the Nineteenth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

495.    Defendant's conduct, in placing the Nineteenth Call to Plaintiff's residence to

deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 151

### (Nineteenth Call – Violation of the CSPA, O.R.C. §1345.02(A)

496.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

497.    Defendant's conduct, in placing the Nineteenth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

498.    Defendant's conduct, in placing the Nineteenth Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 152

### (Nineteenth Call – Violation of the CSPA, O.R.C. §1345.02(A))

499.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

500.    In placing the Nineteenth Call to deliver a telephone solicitation to Plaintiff's

residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

501.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 153

### (Nineteenth Call – Violation of the CSPA, O.R.C. §1345.02(A))

502.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

503.    In placing the Nineteenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

504.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 154

### (Nineteenth Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

505.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

506. Defendant's conduct, in placing the Nineteenth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

507. Defendant's conduct, in placing the Nineteenth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 155

### (Twentieth Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

508. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

509. Defendant's conduct, in placing the Twentieth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

510. Defendant's conduct, in placing the Twentieth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 156

### (Twentieth Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

511.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

512.    Defendant's conduct, in placing the Twentieth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

513.    Defendant's conduct, in placing the Twentieth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 157

### (Twentieth Call – Violation of the TCPA and TCPA Regulations, U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))

514.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

515.    In placing the Twentieth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

516.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 158

**(Twentieth Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**

517.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

518.    In placing the Twentieth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

519.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 159

**(Twentieth Call - Violation of the CSPA, O.R.C. §1345.02(A))**

520.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

521.    Defendant's conduct, in placing the Twentieth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

522.    Defendant's conduct, in placing the Twentieth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to

O.R.C. §1345.09(F).

## COUNT 160

### (Twentieth Call – Violation of the CSPA, O.R.C. §1345.02(A)

523.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

524.    Defendant's conduct, in placing the Twentieth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

525.    Defendant's conduct, in placing the Twentieth Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 161

### (Twentieth Call – Violation of the CSPA, O.R.C. §1345.02(A))

526.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

527.    In placing the Twentieth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

528.     Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 162

### (Twentieth Call – Violation of the CSPA, O.R.C. §1345.02(A))

529.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

530.     In placing the Twentieth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

531.     Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 163

### (Twentieth Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

532.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

533.     Defendant's conduct, in placing the Twentieth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates  O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

534.    Defendant's conduct, in placing the Twentieth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 164

**(Twenty-First Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))**

535.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

536.    Defendant's conduct, in placing the Twenty-First Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

537.    Defendant's conduct, in placing the Twenty-First Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 165

**(Twenty-First Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))**

538.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

539.    Defendant's conduct, in placing the Twenty-First Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is

entitled to an award of statutory damages in the minimum amount of $500 for this violation.

540.    Defendant's conduct, in placing the Twenty-First Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 166

**(Twenty-First Call – Violation of the TCPA and TCPA Regulations,
U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**

541.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

542.    In placing the Twenty-First Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

543.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 167

**(Twenty-First Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**

544.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

545.    In placing the Twenty-First Call to deliver a telephone solicitation to Plaintiff's

residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

546. Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 168

### (Twenty-First Call - Violation of the CSPA, O.R.C. §1345.02(A))

547. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

548. Defendant's conduct, in placing the Twenty-First Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

549. Defendant's conduct, in placing the Twenty-First Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 169

### (Twenty-First Call – Violation of the CSPA, O.R.C. §1345.02(A)

550. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

551. Defendant's conduct, in placing the Twenty-First Call to Plaintiff's residence and

failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

552. Defendant's conduct, in placing the Twenty-First Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 170

### (Twenty-First Call – Violation of the CSPA, O.R.C. §1345.02(A))

553. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

554. In placing the Twenty-First Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

555. Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 171

### (Twenty-First Call – Violation of the CSPA, O.R.C. §1345.02(A))

115

556. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

557. In placing the Twenty-First Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

558. Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 172

### (Twenty-First Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

559. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

560. Defendant's conduct, in placing the Twenty-First Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

561. Defendant's conduct, in placing the Twenty-First Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

116

## COUNT 173

### (Twenty-Second Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

562.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

563.    Defendant's conduct, in placing the Twenty-Second Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

564.    Defendant's conduct, in placing the Twenty-Second Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 174

### (Twenty-Second Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

565.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

566.    Defendant's conduct, in placing the Twenty-Second Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

567.    Defendant's conduct, in placing the Twenty-Second Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the

amount of $1,500 for this violation.

## COUNT 175

**(Twenty-Second Call – Violation of the TCPA and TCPA Regulations,
U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**

568.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

569.    In placing the Twenty-Second Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

570.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 176

**(Twenty-Second Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**

571.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

572.    In placing the Twenty-Second Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

573.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the

amount of $1,500.

## COUNT 177

### (Twenty-Second Call - Violation of the CSPA, O.R.C. §1345.02(A))

574.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

575.    Defendant's conduct, in placing the Twenty-Second Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

576.    Defendant's conduct, in placing the Twenty-Second Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 178

### (Twenty-Second Call – Violation of the CSPA, O.R.C. §1345.02(A)

577.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

578.    Defendant's conduct, in placing the Twenty-Second Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

579.    Defendant's conduct, in placing the Twenty-Second Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the

beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 179

### (Twenty-Second Call – Violation of the CSPA, O.R.C. §1345.02(A))

580.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

581.    In placing the Twenty-Second Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

582.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 180

### (Twenty-Second Call – Violation of the CSPA, O.R.C. §1345.02(A))

583.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

584.    In placing the Twenty-Second Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47

U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

585.　Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 181

### (Twenty-Second Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

586.　Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

587.　Defendant's conduct, in placing the Twenty-Second Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

588.　Defendant's conduct, in placing the Twenty-Second Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 182

### (Twenty-Third Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

589.　Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

590.　Defendant's conduct, in placing the Twenty-Third Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or

approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

591.    Defendant's conduct, in placing the Twenty-Third Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 183

**(Twenty-Third Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))**

592.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

593.    Defendant's conduct, in placing the Twenty-Third Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

594.    Defendant's conduct, in placing the Twenty-Third Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 184

**(Twenty-Third Call – Violation of the TCPA and TCPA Regulations,
U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**

595.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing

paragraphs.

596.    In placing the Twenty-Third Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

597.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 185

### (Twenty-Third Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

598.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

599.    In placing the Twenty-Third Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

600.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 186

### (Twenty-Third Call - Violation of the CSPA, O.R.C. §1345.02(A))

601.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

123

602. Defendant's conduct, in placing the Twenty-Third Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

603. Defendant's conduct, in placing the Twenty-Third Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 187

### (Twenty-Third Call – Violation of the CSPA, O.R.C. §1345.02(A)

604. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

605. Defendant's conduct, in placing the Twenty-Third Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

606. Defendant's conduct, in placing the Twenty-Third Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

124

## COUNT 188

### (Twenty-Third Call – Violation of the CSPA, O.R.C. §1345.02(A))

607.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

608.    In placing the Twenty-Third Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

609.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 189

### (Twenty-Third Call – Violation of the CSPA, O.R.C. §1345.02(A))

610.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

611.    In placing the Twenty-Third Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

612.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an

award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 190

### (Twenty-Third Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

613.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

614.    Defendant's conduct, in placing the Twenty-Third Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates  O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

615.    Defendant's conduct, in placing the Twenty-Third Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 191

### (Twenty-Fourth Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

616.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

617.    Defendant's conduct, in placing the Twenty-Fourth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

618.    Defendant's conduct, in placing the Twenty-Fourth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or

approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 192

**(Twenty-Fourth Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))**

619.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

620.    Defendant's conduct, in placing the Twenty-Fourth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

621.    Defendant's conduct, in placing the Twenty-Fourth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 193

**(Twenty-Fourth Call – Violation of the TCPA and TCPA Regulations,
U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**

622.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

623.    In placing the Twenty-Fourth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully

violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

624.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 194

**(Twenty-Fourth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**

625.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

626.    In placing the Twenty-Fourth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

627.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 195

**(Twenty-Fourth Call - Violation of the CSPA, O.R.C. §1345.02(A))**

628.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

629.    Defendant's conduct, in placing the Twenty-Fourth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

630.     Defendant's conduct, in placing the Twenty-Fourth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 196

### (Twenty-Fourth Call – Violation of the CSPA, O.R.C. §1345.02(A)

631.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

632.     Defendant's conduct, in placing the Twenty-Fourth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).   Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

633.     Defendant's conduct, in placing the Twenty-Fourth Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 197

### (Twenty-Fourth Call – Violation of the CSPA, O.R.C. §1345.02(A))

634.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

129

635.     In placing the Twenty-Fourth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

636.     Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 198

### (Twenty-Fourth Call – Violation of the CSPA, O.R.C. §1345.02(A))

637.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

638.     In placing the Twenty-Fourth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

639.     Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 199

### (Twenty-Fourth Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

640.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

641.    Defendant's conduct, in placing the Twenty-Fourth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates  O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

642.    Defendant's conduct, in placing the Twenty-Fourth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 200

### (Twenty-Fifth Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

643.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

644.    Defendant's conduct, in placing the Twenty-Fifth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

645.    Defendant's conduct, in placing the Twenty-Fifth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 201

**(Twenty-Fifth Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))**

646.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

647.    Defendant's conduct, in placing the Twenty-Fifth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

648.    Defendant's conduct, in placing the Twenty-Fifth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 202

**(Twenty-Fifth Call – Violation of the TCPA and TCPA Regulations,
U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**

649.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

650.    In placing the Twenty-Fifth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

651.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 203

### (Twenty-Fifth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

652.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

653.    In placing the Twenty-Fifth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

654.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 204

### (Twenty-Fifth Call - Violation of the CSPA, O.R.C. §1345.02(A))

655.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

656.    Defendant's conduct, in placing the Twenty-Fifth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

657.    Defendant's conduct, in placing the Twenty-Fifth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C.

§1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 205

### (Twenty-Fifth Call – Violation of the CSPA, O.R.C. §1345.02(A)

658.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

659.    Defendant's conduct, in placing the Twenty-Fifth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

660.    Defendant's conduct, in placing the Twenty-Fifth Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 206

### (Twenty-Fifth Call – Violation of the CSPA, O.R.C. §1345.02(A))

661.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

662.    In placing the Twenty-Fifth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing

violation of O.R.C. §1345.02(A).

663.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 207

### (Twenty-Fifth Call – Violation of the CSPA, O.R.C. §1345.02(A))

664.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

665.    In placing the Twenty-Fifth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

666.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 208

### (Twenty-Fifth Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

667.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

668.    Defendant's conduct, in placing the Twenty-Fifth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates  O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice

in violation of O.R.C. §1345.02(A).

669.   Defendant's conduct, in placing the Twenty-Fifth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 209

### (Twenty-Sixth Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

670.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

671.   Defendant's conduct, in placing the Twenty-Sixth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

672.   Defendant's conduct, in placing the Twenty-Sixth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 210

### (Twenty-Sixth Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

673.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

674.   Defendant's conduct, in placing the Twenty-Sixth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at

136

the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

675.    Defendant's conduct, in placing the Twenty-Sixth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 211

### (Twenty-Sixth Call – Violation of the TCPA and TCPA Regulations, U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))

676.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

677.    In placing the Twenty-Sixth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

678.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 212

### (Twenty-Sixth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

679.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

680.     In placing the Twenty-Sixth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

681.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 213

### (Twenty-Sixth Call - Violation of the CSPA, O.R.C. §1345.02(A))

682.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

683.     Defendant's conduct, in placing the Twenty-Sixth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

684.     Defendant's conduct, in placing the Twenty-Sixth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 214

### (Twenty-Sixth Call – Violation of the CSPA, O.R.C. §1345.02(A)

685.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

686.    Defendant's conduct, in placing the Twenty-Sixth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

687.    Defendant's conduct, in placing the Twenty-Sixth Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 215

### (Twenty-Sixth Call – Violation of the CSPA, O.R.C. §1345.02(A))

688.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

689.    In placing the Twenty-Sixth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

690.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 216

**(Twenty-Sixth Call – Violation of the CSPA, O.R.C. §1345.02(A))**

691.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

692.    In placing the Twenty-Sixth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

693.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 217

**(Twenty-Sixth Call - Violation of the CSPA, O.R.C. §1345.02(A)
and O.A.C. §109:4-3-11(A)(1))**

694.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

695.    Defendant's conduct, in placing the Twenty-Sixth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates  O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

696.    Defendant's conduct, in placing the Twenty-Sixth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for

this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 218

### (Twenty-Seventh Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

697. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

698. Defendant's conduct, in placing the Twenty-Seventh Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

699. Defendant's conduct, in placing the Twenty-Seventh Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 219

### (Twenty-Seventh Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

700. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

701. Defendant's conduct, in placing the Twenty-Seventh Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

702. Defendant's conduct, in placing the Twenty-Seventh Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R.

§64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 220

### (Twenty-Seventh Call – Violation of the TCPA and TCPA Regulations, U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))

703.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

704.    In placing the Twenty-Seventh Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

705.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 221

### (Twenty-Seventh Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

706.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

707.    In placing the Twenty-Seventh Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

708.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B)

and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 222

### (Twenty-Seventh Call - Violation of the CSPA, O.R.C. §1345.02(A))

709.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

710.    Defendant's conduct, in placing the Twenty-Seventh Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

711.    Defendant's conduct, in placing the Twenty-Seventh Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 223

### (Twenty-Seventh Call – Violation of the CSPA, O.R.C. §1345.02(A)

712.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

713.    Defendant's conduct, in placing the Twenty-Seventh Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

714.    Defendant's conduct, in placing the Twenty-Seventh Call to Plaintiff's residence

and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 224

### (Twenty-Seventh Call – Violation of the CSPA, O.R.C. §1345.02(A))

715.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

716.    In placing the Twenty-Seventh Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

717.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 225

### (Twenty-Seventh Call – Violation of the CSPA, O.R.C. §1345.02(A))

718.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

719.    In placing the Twenty-Seventh Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his

144

name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

720.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 226

### (Twenty-Seventh Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

721.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

722.    Defendant's conduct, in placing the Twenty-Seventh Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates  O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

723.    Defendant's conduct, in placing the Twenty-Seventh Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 227

### (Twenty-Eighth Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

724.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

725.    Defendant's conduct, in placing the Twenty-Eighth Call to Plaintiff's residence to

deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

726.     Defendant's conduct, in placing the Twenty-Eighth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

### COUNT 228

**(Twenty-Eighth Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))**

727.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

728.     Defendant's conduct, in placing the Twenty-Eighth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

729.     Defendant's conduct, in placing the Twenty-Eighth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

### COUNT 229

**(Twenty-Eighth Call – Violation of the TCPA and TCPA Regulations,
U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**

146

730.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

731.    In placing the Twenty-Eighth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

732.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 230

### (Twenty-Eighth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

733.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

734.    In placing the Twenty-Eighth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

735.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 231

### (Twenty-Eighth Call - Violation of the CSPA, O.R.C. §1345.02(A))

736.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

737.    Defendant's conduct, in placing the Twenty-Eighth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

738.    Defendant's conduct, in placing the Twenty-Eighth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 232

### (Twenty-Eighth Call – Violation of the CSPA, O.R.C. §1345.02(A)

739.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

740.    Defendant's conduct, in placing the Twenty-Eighth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

741.    Defendant's conduct, in placing the Twenty-Eighth Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs

pursuant to O.R.C. §1345.09(F).

## COUNT 233

### (Twenty-Eighth Call – Violation of the CSPA, O.R.C. §1345.02(A))

742.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

743.    In placing the Twenty-Eighth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

744.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 234

### (Twenty-Eighth Call – Violation of the CSPA, O.R.C. §1345.02(A))

745.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

746.    In placing the Twenty-Eighth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

747.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled

to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 235

### (Twenty-Eighth Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

748.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

749.    Defendant's conduct, in placing the Twenty-Eighth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates  O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

750.    Defendant's conduct, in placing the Twenty-Eighth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 236

### (Twenty-Ninth Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

751.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

752.    Defendant's conduct, in placing the Twenty-Ninth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

753.    Defendant's conduct, in placing the Twenty-Ninth Call to Plaintiff's residence to

deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 237

### (Twenty-Ninth Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

754. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

755. Defendant's conduct, in placing the Twenty-Ninth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

756. Defendant's conduct, in placing the Twenty-Ninth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 238

### (Twenty-Ninth Call – Violation of the TCPA and TCPA Regulations, U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))

757. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

758. In placing the Twenty-Ninth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his

name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

759.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 239

**(Twenty-Ninth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**

760.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

761.   In placing the Twenty-Ninth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

762.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 240

**(Twenty-Ninth Call - Violation of the CSPA, O.R.C. §1345.02(A))**

763.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

764.   Defendant's conduct, in placing the Twenty-Ninth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an

unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

766. Defendant's conduct, in placing the Twenty-Ninth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 241

### (Twenty-Ninth Call – Violation of the CSPA, O.R.C. §1345.02(A)

766. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

767. Defendant's conduct, in placing the Twenty-Ninth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

768. Defendant's conduct, in placing the Twenty-Ninth Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 242

### (Twenty-Ninth Call – Violation of the CSPA, O.R.C. §1345.02(A))

769. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing

paragraphs.

770.     In placing the Twenty-Ninth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

771.     Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 243

### (Twenty-Ninth Call – Violation of the CSPA, O.R.C. §1345.02(A))

772.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

773.     In placing the Twenty-Ninth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

774.     Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 244

### (Twenty-Ninth Call - Violation of the CSPA, O.R.C. §1345.02(A)

**and O.A.C. §109:4-3-11(A)(1))**

775.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

776.     Defendant's conduct, in placing the Twenty-Ninth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates  O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

777.     Defendant's conduct, in placing the Twenty-Ninth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 245

### (Thirtieth Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

778.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

779.     Defendant's conduct, in placing the Thirtieth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

780.     Defendant's conduct, in placing the Thirtieth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 246

### (Thirtieth Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

781.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

782.    Defendant's conduct, in placing the Thirtieth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

783.    Defendant's conduct, in placing the Thirtieth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 247

### (Thirtieth Call – Violation of the TCPA and TCPA Regulations, U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))

784.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

785.    In placing the Thirtieth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

786.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the

amount of $1,500.

## COUNT 248

### (Thirtieth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

787.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

788.    In placing the Thirtieth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

789.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 249

### (Thirtieth Call - Violation of the CSPA, O.R.C. §1345.02(A))

790.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

791.    Defendant's conduct, in placing the Thirtieth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B). Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

792.    Defendant's conduct, in placing the Thirtieth Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is

entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 250

### (Thirtieth Call – Violation of the CSPA, O.R.C. §1345.02(A)

793.  Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

794.  Defendant's conduct, in placing the Thirtieth Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

795.  Defendant's conduct, in placing the Thirtieth Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 251

### (Thirtieth Call – Violation of the CSPA, O.R.C. §1345.02(A))

796.  Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

797.  In placing the Thirtieth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully

violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

798.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 252

### (Thirtieth Call – Violation of the CSPA, O.R.C. §1345.02(A))

799.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

800.    In placing the Thirtieth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

801.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 253

### (Thirtieth Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

802.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

803.    Defendant's conduct, in placing the Thirtieth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale,

violates  O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

804.    Defendant's conduct, in placing the Thirtieth Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 254

### (Thirty-First Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

805.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

806.    Defendant's conduct, in placing the Thirty-First Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

807.    Defendant's conduct, in placing the Thirty-First Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 255

### (Thirty-First Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

808.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

809.    Defendant's conduct, in placing the Thirty-First Call to Plaintiff's residence and

160

failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

810. Defendant's conduct, in placing the Thirty-First Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 256

**(Thirty-First Call – Violation of the TCPA and TCPA Regulations, U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**

811. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

812. In placing the Thirty-First Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

813. Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 257

**(Thirty-First Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**

814. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing

paragraphs.

815.    In placing the Thirty-First Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

816.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

### COUNT 258

### (Thirty-First Call - Violation of the CSPA, O.R.C. §1345.02(A))

817.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

818.    Defendant's conduct, in placing the Thirty-First Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

819.    Defendant's conduct, in placing the Thirty-First Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

### COUNT 259

### (Thirty-First Call – Violation of the CSPA, O.R.C. §1345.02(A)

820.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

821.    Defendant's conduct, in placing the Thirty-First Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

822.    Defendant's conduct, in placing the Thirty-First Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 260

### (Thirty-First Call – Violation of the CSPA, O.R.C. §1345.02(A))

823.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

824.    In placing the Thirty-First Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

825.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 261

### (Thirty-First Call – Violation of the CSPA, O.R.C. §1345.02(A))

826.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

827.     In placing the Thirty-First Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

828.     Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 262

### (Thirty-First Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

829.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

830.     Defendant's conduct, in placing the Thirty-First Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates  O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

831.     Defendant's conduct, in placing the Thirty-First Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an

award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 263

### (Thirty-Second Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

832.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

833.    Defendant's conduct, in placing the Thirty-Second Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

834.    Defendant's conduct, in placing the Thirty-Second Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 264

### (Thirty-Second Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))

835.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

836.    Defendant's conduct, in placing the Thirty-Second Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

837.    Defendant's conduct, in placing the Thirty-Second Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the

call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 265

**(Thirty-Second Call – Violation of the TCPA and TCPA Regulations, U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**

838.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

839.    In placing the Thirty-Second Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

840.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 266

**(Thirty-Second Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**

841.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

842.    In placing the Thirty-Second Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

843.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 267

### (Thirty-Second Call - Violation of the CSPA, O.R.C. §1345.02(A))

844.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

845.    Defendant's conduct, in placing the Thirty-Second Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

846.    Defendant's conduct, in placing the Thirty-Second Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 268

### (Thirty-Second Call – Violation of the CSPA, O.R.C. §1345.02(A)

847.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

848.    Defendant's conduct, in placing the Thirty-Second Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

849. Defendant's conduct, in placing the Thirty-Second Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 269

### (Thirty-Second Call – Violation of the CSPA, O.R.C. §1345.02(A))

850. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

851. In placing the Thirty-Second Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

852. Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 270

### (Thirty-Second Call – Violation of the CSPA, O.R.C. §1345.02(A))

853. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

854. In placing the Thirty-Second Call to deliver a telephone solicitation to Plaintiff's

residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

855.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 271

### (Thirty-Second Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

856.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

857.    Defendant's conduct, in placing the Thirty-Second Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates  O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

858.    Defendant's conduct, in placing the Thirty-Second Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 272

### (Thirty-Third Call - Violation of the TCPA, 47 U.S.C. §227(b)(1)(B))

859.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

860. Defendant's conduct, in placing the Thirty-Third Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

861. Defendant's conduct, in placing the Thirty-Third Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 273

**(Thirty-Third Call - Violation of TCPA Regulation 47 C.F.R. §64.1200(d)(4))**

862. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

863. Defendant's conduct, in placing the Thirty-Third Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

864. Defendant's conduct, in placing the Thirty-Third Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 274

**(Thirty-Third Call – Violation of the TCPA and TCPA Regulations,**

**U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**

865.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

866.    In placing the Thirty-Third Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

867.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 275

**(Thirty-Third Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**

868.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

869.    In placing the Thirty-Third Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

870.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 276

**(Thirty-Third Call - Violation of the CSPA, O.R.C. §1345.02(A))**

871.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

872.    Defendant's conduct, in placing the Thirty-Third Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(B).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

873.    Defendant's conduct, in placing the Thirty-Third Call to Plaintiff's residence to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 277

**(Thirty-Third Call – Violation of the CSPA, O.R.C. §1345.02(A)**

874.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

875.    Defendant's conduct, in placing the Thirty-Third Call to Plaintiff's residence and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4).  Such conduct also constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

876.    Defendant's conduct, in placing the Thirty-Third Call to Plaintiff's residence and failing to voluntarily identify the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to

O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 278

### (Thirty-Third Call – Violation of the CSPA, O.R.C. §1345.02(A))

877.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

878.   In placing the Thirty-Third Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of O.R.C. §1345.02(A).

879.   Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 279

### (Thirty-Third Call – Violation of the CSPA, O.R.C. §1345.02(A))

880.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

881.   In placing the Thirty-Third Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of O.R.C. §1345.02(A).

882.    Because Defendants knowingly violated O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to O.R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 280

### (Thirty-Third Call - Violation of the CSPA, O.R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

883.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

884.    Defendant's conduct, in placing the Thirty-Third Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, violates  O.A.C. §109:4-3-11(A)(1), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

885.    Defendant's conduct, in placing the Thirty-Third Call to Plaintiff's residence and failing to state, at the beginning of the call, that the purpose of the call was to make a sale, constitutes a knowing violation of O.R.C. §1345.02(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for this violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

## COUNT 281

### (Declaratory Judgment Pursuant to O.R.C. §2721.03)

886.  Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

887.  Plaintiff hereby prays for the Court to enter Declaratory Judgment in his favor pursuant to O.R.C. §2721.03, as follows:

(a)    That a caller violates O.R.C. §1345.02(A) when it fails voluntarily to state

the name of the individual caller;

(b)     That a caller violates O.R.C. §1345.02(A) when it fails to voluntarily state the name of the person or entity on whose behalf the call is being made;

(c)     That a caller violates O.R.C. §1345.02(A) when it fails voluntarily to state the caller's telephone number or address of the person or entity at which the person or entity may be contacted;

(d)     That a caller violates O.R.C. §1345.02(A) when it fails to record the name and telephone number of a recipient who is a consumer on its Do-Not-Call List upon the recipient's demand;

(e)     That a caller violates O.R.C. §1345.02(A) when it fails to train its representative in the maintenance and use of its Do-Not-Call List;

(f)     That a caller violates O.R.C. §1345.02(A) when it fails to send a recipient who is a consumer a copy of its Do-Not-Call Maintenance Policy upon the recipient's demand;

(g)     That a caller violates O.R.C. §1345.02(A) when it fails to maintain a record of the recipient's previous demand that the caller place on its Do-Not-Call List the name and telephone number of the recipient who is a consumer;

(h)     That a caller violates O.R.C. §1345.02(A) when it fails to honor the recipient's previous demand that the caller place on its Do-Not-Call List the name and telephone number of the recipient who is a consumer;

(i)     That a caller violates O.A.C. §109:4-3-11(A)(11) and O.R.C. §1345.02(A) when it fails to state, at the beginning of the call, that the purpose of the

175

call was to make a sale;

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby prays for the following relief on the foregoing claims against Defendants, jointly and severally :

A.      An award of statutory damages in Plaintiff's favor and against Defendants in the amount of $500 for each of Defendant's violations of 47 U.S.C. §227(b) and/or the regulations promulgated thereunder, pursuant to 47 U.S.C. §227(b)(3)(B);

B.      An award of statutory damages in Plaintiff's favor and against Defendants in the amount of $1500 for each of Defendants' knowing and/or willful violations of 47 U.S.C. §227(b) and/or the regulations promulgated thereunder, pursuant to 47 U.S.C. §227(b)(3)(C);

C.      An award of statutory damages in Plaintiff's favor and against Defendants in the amount of $500 for each of Defendants' violations of 47 U.S.C. §227(c) and/or the regulations promulgated thereunder, pursuant to 47 U.S.C. §227(c)(5)(B);

D.      An award of statutory damages in Plaintiff's favor and against Defendants in the amount of $1500 for each of Defendants' knowing and/or willful violations of 47 U.S.C. §227(c) and/or the regulations promulgated thereunder, pursuant to 47 U.S.C. §227(c)(5)(C);

E.      An award of statutory damages in Plaintiff's favor and against Defendants in the minimum statutory amount of $200 for each of Defendants' violations of O.R.C. §1345.02(A), pursuant to O.R.C. §1345.09(B);

F.      An award of Plaintiff's reasonable attorney's fees and costs in Plaintiff's favor and against Defendants for Defendants' knowing violations of O.R.C. §1345.02(A), pursuant to O.R.C. §1345.09(F);

G.      As to Count 281, declaratory judgment against Defendants, as prayed for

176

hereinabove; and

      H.     All such other relief, legal and equitable, as permitted by law.

                                Respectfully submitted,

                                */s/  John W. Ferron*

                                John W. Ferron
                                Ohio Bar No. 0024532
                                jferron@ferronlaw.com
                                FERRON & ASSOCIATES
                                A Legal Professional Association
                                580 North Fourth Street, Suite 450
                                Columbus, Ohio 43215–2125
                                (614) 228–5225, 228–3255 fax

                                Trial Attorney for Plaintiff,
                                Philip J. Charvat

Of Counsel to Plaintiff:

Lisa A. Wafer
Ohio Bar No. 0074034
lwafer@ferronlaw.com
Jessica G. Fallon
Ohio Bar No. 0079169
jfallon@ferronlaw.com
FERRON & ASSOCIATES
A Legal Professional Association
580 North Fourth Street, Suite 450
Columbus, Ohio 43215–2125
(614) 228–5225, 228–3255 fax

**JURY DEMAND**

    Plaintiff hereby demands a trial by jury on all of his claims against Defendants.

                                  */s/  John W. Ferron*
                                John W. Ferron
                                Ohio Bar No. 0024532