IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Philip J. Charvat, :

    Plaintiff, :

  v. : Case No. 2:09-cv-209

: JUDGE SARGUS

NMP, LLC, et al., :

    Defendants.

ORDER

The defendants have moved to dismiss this case for lack of subject matter jurisdiction, arguing that the viable claims in the complaint do not involve the amount in controversy required for the Court to exercise diversity jurisdiction and that there is no federal question jurisdiction here. Along with that motion, they have moved to stay discovery. The latter motion is fully briefed. For the following reasons, the motion for a stay of discovery will be denied.

## I. The Recurring Issue

This Court has had many opportunities over the years to address the question of when, or whether, to stay discovery during the pendency of some type of defensive motion. The Supreme Court's recent decision in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) will undoubtedly give the Court more opportunities to consider that question, although that is a case which primarily addresses the sufficiency of pleadings and touches only secondarily (and breaks no new ground) on the issue of whether discovery should be stayed pending a motion to dismiss which raises the absolute or qualified immunity of governmental officials from the burdens of litigation. The Court judges such motions under the following standard.

A stay of discovery for any reason is a matter ordinarily

committed to the sound discretion of the trial court. <u>Chrysler Corp. v. Fedders Corp.</u>. 643 F.2d 1229 (6th Cir. 1981). In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery. Additionally, the Court is required to take into account any societal interests which are implicated by either proceeding or postponing discovery. <u>Marrese v. American Academy of Orthopedic Surgeons</u>, 706 F.2d 1488, 1493 (7th Cir. 1983). When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery. <u>Id</u>.

However, one argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6). As one court has observed,

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.... Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95

S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N. D. Cal. 1990). See also Turner Broadcasting System, Inc. v. Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev. 1997) ("a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery...."). Thus, unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion.

As the motion filed in this case illustrates, requests for a stay of discovery pending the resolution of an initial Rule 12 motion are not limited to motions brought under Rule 12(b)(6). Parties commonly move for stays of discovery pending a variety of Rule 12 motions, including motions to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, or improper venue. However, the impact of these types of motions on the issue of whether discovery should proceed is not substantially different. In fact, it could be argued that because these types of motions do not go to the merits of the case, but only to the forum in which it proceeds, there is even less reason to stay discovery pending their outcome. Any discovery taken while such a motion is pending would, of course, be available for the parties to use if the case is dismissed other than on the merits and then refiled in a Court where subject matter or personal jurisdiction is proper.

## II. Analysis

Here, the primary support for defendants' argument appears to be an order issued by Judge King, and affirmed by Judge Marbley, in a similar case, Charvat v. GVN Michigan, Inc., Case

-3-

No. 2:06-cv-983, staying discovery during the pendency of a motion to dismiss for lack of subject matter jurisdiction. That decision represents an excellent illustration of the point, made above, that whether to stay discovery in any particular case is a decision committed to the broad discretion of the trial court. Given that discretion, a Magistrate Judge's decision on the issue will almost never be held to be clearly erroneous or contrary to law, which is the standard used by a District Judge when reviewing a non-dispositive order entered by a Magistrate Judge, no matter which way the Magistrate Judge rules. This Court could stay the discovery in question, and could conclude that the possible savings of the parties' resources from the entry of a stay outweigh the benefits of keeping the case moving expeditiously through the judicial system. However, for the reasons noted above, the Court does not reach that conclusion.

There is little doubt that if this Court finds that it lacks subject matter jurisdiction, Mr. Charvat will simply file his case in the Common Pleas Court, which clearly has jurisdiction. He has litigated numerous cases in the state courts already which involve these types of issues. The discovery he proposes to conduct, or has already served, while the motion to dismiss is under advisement will be fully available for use in any subsequent state court action. Thus, granting the defendants' motion would not really save them any resources in the long run, but would delay the ultimate resolution of the case in this Court, should it remain here, and might have a similar effect on any state court case filed. Under these circumstances, the defendants have simply not met their burden of demonstrating that a stay of discovery is appropriate, and their motion will be denied.

### III. Disposition

Based on the foregoing, defendants' motion for a stay of

discovery (#23) is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge