IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Philip J. Charvat,               :

    Plaintiff,               :

  v.                           :  Case No. 2:09-cv-209

NMP, LLC, et al.,                :  JUDGE SARGUS

    Defendants.              :

ORDER

On February 19, 2010, plaintiff moved for leave to file a third amended complaint. The new complaint would add additional claims against the existing defendants and also bring new defendants into the case.

Defendants, in opposing the motion, point out that the deadline for moving to amend the pleadings was November 15, 2009. They also observe that the motion for leave to amend does not address the issue of whether good cause exists to extend that date, as is required by Fed.R.Civ.P. 16(b). Additionally, they argue that the amended complaint does not assert a basis on which personal jurisdiction could be asserted against the proposed new defendants who are corporate officers, and that there is no explanation given for the delay in tendering the complaint, so that leave should not be granted under Fed.R.Civ.P. 15(a). Plaintiff has not filed a reply brief.

Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, <u>inter alia</u>, file motions, identify expert witnesses, and complete discovery. The rule further provides that "[a] schedule shall not be modified except upon a

showing of good cause ...."

Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," Rouse v. Farmers State Bank, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id. at 1198. In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995). The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Dilmer Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002). The Court of Appeals has made it clear that this standard applies to any deadline set in a Rule 16 order, such as a date by which motions to amend the pleadings must be made (see Inge, supra), a discovery cutoff date (see Commerce Benefits Group v. McKesson Corp., 326 Fed. Appx. 2369 (6th Cir. May 20, 2009)), or a date for filing summary judgment motions (see Andretti v. Borla Performance Industries, 426 F.3d 824 (6th Cir. 2005). It is with these standards in mind that the instant motion will be decided.

As defendants correctly note, the motion for leave to amend does not acknowledge that there was a deadline for moving for leave to amend, much less present any argument as to why that deadline should be extended. In the absence of any argument on that point, and because it cannot be inferred from the motion and supporting memorandum that plaintiff could not, through the exercise of due diligence, have discovered the bases for these new claims prior to either November 15, 2009, or some date reasonably soon thereafter, the Court is unable to find that good cause exists to modify the pretrial order's date for filing motions for leave to amend. It is therefore unnecessary to reach defendants' alternative argument that, even under the liberal standard found in Rule 15(a), these particular amendments should not be allowed.

For the foregoing reasons, the motion for leave to file a third amended complaint (#42) is denied.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge