FILED
JAMES BONINI
CLERK

2012 FEB -7 AM 11: 39

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| PHILIP J. CHARVAT, an individual, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:09-cv-209 |
| | : | |
| v. | : | Judge Sargus |
| | : | |
| NMP, LLC, a Delaware limited liability | : | Magistrate Judge Kemp |
| company, and MEDIA SYNERGY GROUP, | : | |
| LLC, a Virginia limited liability company, | : | |
| | : | |
| Defendants, | : | |

## THIRD AMENDED COMPLAINT FOR MONEY DAMAGES
## AND INJUNCTIVE RELIEF

### JURY DEMAND ENDORSED HEREON

NOW COMES PLAINTIFF PHILIP J. CHARVAT, who brings this action to obtain money damages, declaratory judgment and injunctive relief against DEFENDANTS NMP, LLC, and MEDIA SYNERGY GROUP, LLC, arising from the numerous unlawful telemarketing calls that Defendants, or their authorized agent(s), made to Plaintiff at his residence in disregard and violation of well-established federal and Ohio laws prohibiting such calls, and other unlawful activities of Defendants.

## The Parties

1.      PLAINTIFF PHILIP J. CHARVAT ("Charvat" or "Plaintiff") is a living person and individual who resides at 636 Colony Drive, Westerville, Franklin County, Ohio 43081. At his residence, Plaintiff is a residential telephone subscriber for the telephone number 614-895-1351, and he places and receives telephone calls through the use of one or more telephones connected to an outside telephone line having the telephone number 614-895-1351 ("Plaintiff's Residential Telephone Number").

2.      Upon information and belief, at all times relevant hereto, DEFENDANT NMP, LLC ("Defendant NMP" or "NMP"), has been a Delaware limited liability company and had its principal place of business located at 401 Edgewater Place, Suite 640, Wakefield, Massachusetts 01880, and at the present time has offices located at 3135 Springbank Lane, Suite 100, Charlotte, North Carolina 28226.

3.      Upon information and belief, at all times relevant hereto, Defendant NMP has done business as "Official NASCAR Members Club", "ONMC", "NMP Member Services, LLC", "NASCAR Membership Club", "Official NASCAR Membership Club" and/or "NASCAR Members Club", each of which is a fictitious name that has not been properly registered with the Ohio Secretary of State.

4.      Upon information and belief, at all times relevant hereto, DEFENDANT MEDIA SYNERGY GROUP, LLC ("Defendant MSG" or "MSG"), has been a Virginia limited liability company and has had its principal place of business located at 720 Moorefield Park Drive, Suite 200, Richmond, Virginia 23832.

2

5.    At all times relevant hereto, while conducting business in Ohio, Defendants have been subject to, and required to abide by, the laws of the United States and the State of Ohio, which include the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*, and its related regulations ("TCPA Regulations") that are set forth at 47 C.F.R. §64.1200, as well as the opinions, regulations and orders issued by Courts and the Federal Communications Commission ("FCC") implementing and enforcing the TCPA, and the Ohio Consumer Sales Practices Act ("CSPA"), O.R.C. §1345.01, *et seq.*

### Jurisdiction and Venue

6.    This Court has personal jurisdiction over the Parties.

7.    This Court has:

(a)    Original diversity jurisdiction over the parties and the claims asserted herein pursuant to 28 U.S.C. §1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy well exceeds $75,000.00 in the aggregate; and

(b)    Original federal question jurisdiction over the parties and the TCPA claims asserted herein pursuant to 47 U.S.C. §227, *et seq.*,[1] and supplemental jurisdiction over Plaintiff's claims under the laws of the state of Ohio pursuant to 28 U.S.C. §1367 because such claims are so related to claims in this action within the Court's original subject matter jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.

8.    Venue is proper because all or a substantial part of the events giving rise to the

---

[1] This case is being heard upon remand from the U.S. Sixth Circuit Court of Appeals which found both diversity

claims herein occurred within the Southern District of Ohio, Eastern Division, including Plaintiff's receipt of Defendants' multiple telemarketing calls to Plaintiff's residence.

### Plaintiff's Claims

9.      Each of the following court decisions were on file in the Office of the Ohio Attorney, within its Public Inspection File (hereafter "PIF"), prior to the events complained of herein:

(a)    *Charvat v. Doucet*, Franklin C.P. No. 03CVH08-9221, unreported, OAG PIF# 2218 (Issued Feb. 23, 2004; Filed in PIF Feb. 27, 2004);

(b)    *Charvat v. Continental Mortgage Services, Inc.*, Franklin C.P. No. 99CVH12-10225, unreported, OAG PIF# 1882 (Issued June 1, 2000; Filed in PIF June 2, 2000);

(c)    *Burdge v. Satellite Systems Network, LLC*, Fairfield M.C. No. 2005 CVF 00243, unreported, OAG PIF# 2344 (Issued May 11, 2005; Filed in PIF May 12, 2005);

(d)    *State ex rel. Petro v. Wyatt dba Ohio Tree Transplant*, Delaware C.P. No. 03-CV-H-10-726, unreported, OAG PIF# 2197 (Issued Nov. 18, 2003; Filed in PIF Nov. 19, 2003);

(e)    *State ex rel. Petro v. Consumer Grants USA, Inc.*, Franklin C.P. No. 04CVH-10-10754, unreported, OAG PIF# 2459 (Issued Dec. 21, 2005; Filed in PIF June 22, 2006);

(f)    *Charvat v. Mobley*, Franklin C.P. No. 02CVH-01-01, unreported, OAG PIF# 2113 (Issued Sept. 5, 2002; Filed in PIF Sept. 9, 2002);

---

and original jurisdiction exists regarding the matters in dispute in this case. (Doc. 56)

(g)  *Teleis v. Warrior Custom Golf, Inc.*, Summit M.C. No. 2004 CVI 1034, unreported, OAG PIF# 2257 (Issued June 11, 2004; Filed in PIF June 18, 2004);

(h)  *State ex rel. Celebrezze v. Mosley*, Franklin C.P. No. 87-CV-042228, unreported, OAG PIF# 868 (Issued May 8, 1987; Filed in PIF May 15, 1987);

(i)  *Ladarkis v. Martin*, Summit C.P. No. CV94-01-0234, unreported, OAG PIF# 1436 (Issued July 29, 1994; Filed in PIF Aug. 9, 2004);

(j)  *State ex rel. Celebrezze v. Lloyd*, Franklin C.P. No. 82-CV-06-3184, unreported, OAG PIF# 5 (Issued May 25, 1983; Filed in PIF May 26, 1983);

(k)  *Burdge v. Kandassubs, Inc.*, Butler C.P. No. 2005-11-3562, unreported, OAG PIF# 2429 (Issued Apr. 28, 2006; Filed in PIF May 2, 2006);

(l)  *State ex rel. Montgomery v. Bayview Group, Inc.*, Franklin C.P. No. 97CVH12-10749, unreported, OAG PIF# 1727 (Issued Sept. 16, 1998; Filed in PIF Sept. 16, 1998);

(m)  *State ex rel. Montgomery v. Loan By Phone Financing dba Burlington Credit Service*, Franklin C.P. No. 97CVH129-10750, unreported, OAG PIF# 1706 (Issued Nov. 12, 1998; Filed in PIF Nov. 12, 1998);

(n)  *State ex rel. Montgomery v. Holecek dba The Holecek Company*, Stark C.P. No. 2000CV01490, unreported, OAG PIF# 2003 (Issued Aug. 31, 2000; Filed in PIF Aug. 27, 2001); and

(o)  PIF#1485, *Grayson v. Cadillac Builders, Inc., et al.*, Cuyahoga App. Ct., Case No. 68551 (July 16, 1996).

10.  As of December 11, 2008, Plaintiff had never done any form of business with any of the Defendants.

11.     Upon information and belief, on September 12, 2008, at approximately 12:45 p.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call (the "Call No. 1") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.  In regard to Call No. 1, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent, permission or invitation;

(b)     Failed to voluntarily state the caller's name; and

(c)     Failed to voluntarily state the caller's telephone number or address where the caller may be contacted.

12.     Upon information and belief, on September 13, 2008, at approximately 9:28 a.m., without Plaintiff's prior express consent, permission or invitation, Defendants, through one or more authorized agent(s), knowingly and/or willfully initiated a live agent telemarketing call ("Call No. 2") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.

13.     Upon information and belief, on September 15, 2008, at approximately 9:13 a.m., without Plaintiff's prior express consent, permission or invitation, Defendants, through one or more authorized agent(s), knowingly and/or willfully initiated a live agent telemarketing call ("Call No. 3") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.

14.  Upon information and belief, on September 16, 2008, at approximately 10:42 a.m., without Plaintiff's prior express consent, permission or invitation, Defendants, through one or more authorized agent(s), knowingly and/or willfully initiated a live agent telemarketing call ("Call No. 4") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.

15.  Upon information and belief, on September 17, 2008, at approximately 10:19 a.m., without Plaintiff's prior express consent, permission or invitation, Defendants, through one or more authorized agent(s), knowingly and/or willfully initiated a live agent telemarketing call ("Call No. 5") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.

16.  Upon information and belief, on September 18, 2008, at approximately 5:38 p.m., without Plaintiff's prior express consent, permission or invitation, Defendants, through one or more authorized agent(s), knowingly and/or willfully initiated a live agent telemarketing call ("Call No. 6") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.

17.  Upon information and belief, on September 20, 2008, at approximately 12:48 p.m., without Plaintiff's prior express consent, permission or invitation, Defendants, through one or more authorized agent(s), knowingly and/or willfully initiated a live agent telemarketing call ("Call No. 7") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all

Defendants. During Call No. 7, Plaintiff specifically stated to Defendants' agent "I'll give you a call back if we're interested but don't call, okay?" at the close of the call and thereby asked Defendants, through their authorized agent(s), to place Plaintiff's Residential Telephone Number on Defendants' Do-Not-Call List. However, upon information and belief, Defendants' agent(s) failed to record Plaintiff's name and/or residential telephone number on Defendants' Do-Not-Call List. At the close of the call, Defendants' agent acknowledged hearing Plaintiff's request not to be called back by saying "All right."

      18.    Upon information and belief, on September 24, 2008, at approximately 2:34 p.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 8") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants. In regard to Call No. 8, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent, permission or invitation;

      (b)    Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

      (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

19.    Upon information and belief, on September 27, 2008, at approximately 3:04 p.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 9") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.  In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent, permission or invitation;

(b)    Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

20.    Upon information and belief, on September 30, 2008, at approximately 12:37 p.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 10") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.  In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

9

(a)     Called without Plaintiff's prior express consent, permission or invitation;

(b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

21.    Upon information and belief, on October 2, 2008, at approximately 3:25 p.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 11") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants. In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent, permission or invitation;

(b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

22.     Upon information and belief, on October 4, 2008, at approximately 11:48 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 12") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.  In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent, permission or invitation;

(b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

23.     Upon information and belief, on October 7, 2008, at approximately 9:59 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 13") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.  In regard to this Call, which

Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

      (a)     Called without Plaintiff's prior express consent, permission or invitation;

      (b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

      (c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

24.     Upon information and belief, on October 10, 2008, at approximately 3:55 p.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 14") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants. In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

      (a)     Called without Plaintiff's prior express consent, permission or invitation;

      (b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

25.     Upon information and belief, on October 11, 2008, at approximately 10:52 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 15") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants. In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent, permission or invitation;

(b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

26.     Upon information and belief, on October 15, 2008, at approximately 10:39 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 16") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants. In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

13

(a)      Called without Plaintiff's prior express consent, permission or invitation;

(b)      Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)      Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)      Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)      Failed to state at the beginning of the call that the purpose of the call was to make a sale.

27.      Upon information and belief, on October 16, 2008, at approximately 10:39 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 17") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants. In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)      Called without Plaintiff's prior express consent, permission or invitation;

(b)      Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)      Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)      Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

14

(e)   Failed to state at the beginning of the call that the purpose of the call was to make a sale.

28.   Upon information and belief, on October 17, 2008, at approximately 11:25 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 18") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants. In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)   Called without Plaintiff's prior express consent, permission or invitation;

(b)   Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)   Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)   Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)   Failed to state at the beginning of the call that the purpose of the call was to make a sale.

29.   Upon information and belief, on October 18, 2008, at approximately 2:59 p.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 19") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants. In regard to this Call, which

15

Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent, permission or invitation;

      (b)    Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

      (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

    30.    Upon information and belief, on October 21, 2008, at approximately 3:05 p.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 20") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants. In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent, permission or invitation;

      (b)    Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

      (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

16

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

31.     Upon information and belief, on October 22, 2008, at approximately 4:56 p.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 21") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.  In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent, permission or invitation;

(b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

32.     Upon information and belief, on October 25, 2008, at approximately 12:17 p.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 22") to Plaintiff's Residential Telephone

Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants. In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent, permission or invitation;

      (b)    Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

      (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

33.    Upon information and belief, on October 28, 2008, at approximately 12:12 p.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 23") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants. In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent, permission or invitation;

      (b)    Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

34.    Upon information and belief, on October 29, 2008, at approximately 11:00 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 24") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.  In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent, permission or invitation;

(b)    Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

35. Upon information and belief, on October 30, 2008, at approximately 11:34 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 25") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants. In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent, permission or invitation;

(b)    Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

36. Upon information and belief, on October 31, 2008, at approximately 10:43 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 26") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants. In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent, permission or invitation;

(b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

37.     Upon information and belief, on November 1, 2008, at approximately 9:05 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 27") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants. In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent, permission or invitation;

(b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

38.     Upon information and belief, on November 3, 2008, at approximately 10:04 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 28") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants. In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent, permission or invitation;

(b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

39.     Upon information and belief, on November 4, 2008, at approximately 12:17 p.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 29") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants. In regard to this Call, which

22

Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

      (a)     Called without Plaintiff's prior express consent, permission or invitation;

      (b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

      (c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

40.     Upon information and belief, on November 5, 2008, at approximately 11:46 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 30") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.  In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

      (a)     Called without Plaintiff's prior express consent, permission or invitation;

      (b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

      (c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

41.     Upon information and belief, on November 6, 2008, at approximately 11:46 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 31") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.   In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent, permission or invitation;

(b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

42.     Upon information and belief, on November 6, 2008, at approximately 2:43 p.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 32") to Plaintiff's Residential Telephone

Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.  In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent, permission or invitation;

      (b)    Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

      (c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

43.    Upon information and belief, on November 10, 2008, at approximately 10:50 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 33") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.  In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent, permission or invitation;

      (b)    Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

44.     Upon information and belief, on November 11, 2008, at approximately 11:50 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 34") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants. In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent, permission or invitation;

(b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

45.     Upon information and belief, on November 14, 2008, at approximately 11:10 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 35") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.   In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent, permission or invitation;

(b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

46.     Upon information and belief, on November 15, 2008, at approximately 12:24 p.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 36") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.   In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

27

     (a)     Called without Plaintiff's prior express consent, permission or invitation;

     (b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

     (c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

     (d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

     (e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

47.     Upon information and belief, on November 15, 2008, at approximately 2:38 p.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 37") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants. In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

     (a)     Called without Plaintiff's prior express consent, permission or invitation;

     (b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

     (c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

     (d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

48.     Upon information and belief, on November 18, 2008, at approximately 11:20 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 38") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.  In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent, permission or invitation;

(b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

49.     Upon information and belief, on November 19, 2008, at approximately 9:30 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 39") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club.

In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

      (a)     Called without Plaintiff's prior express consent, permission or invitation;

      (b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

      (c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

50.     Upon information and belief, on November 20, 2008, at approximately 10:47 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 40") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants. In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

      (a)     Called without Plaintiff's prior express consent, permission or invitation;

      (b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

      (c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

51.     Upon information and belief, on November 21, 2008, at approximately 11:45 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 41") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.   In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent, permission or invitation;

(b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

52.     Upon information and belief, on November 22, 2008, at approximately 10:38 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 42") to Plaintiff's Residential Telephone

31

Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants. In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

      (a)     Called without Plaintiff's prior express consent, permission or invitation;

      (b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

      (c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

     53.     Upon information and belief, on November 25, 2008, at approximately 9:39 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 43") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club. In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

      (a)     Called without Plaintiff's prior express consent, permission or invitation;

      (b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

      (c)     Failed to maintain a record of Plaintiff's previous demand that the caller place

Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

54.     Upon information and belief, on November 28, 2008, at approximately 10:17 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 44") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.   In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent, permission or invitation;

(b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

55.     Upon information and belief, on November 29, 2008, at approximately 10:04 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a

33

prerecorded voice message telemarketing call ("Call No. 45") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.  In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

      (a)     Called without Plaintiff's prior express consent, permission or invitation;

      (b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

      (c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

      (e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

56.     Upon information and belief, on December 2, 2008, at approximately 9:38 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 46") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.  In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

      (a)     Called without Plaintiff's prior express consent, permission or invitation;

      (b)     Failed to voluntarily state the caller's name as registered with the Ohio

Secretary of State;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

57.     Upon information and belief, on December 3, 2008, at approximately 10:50 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 47") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants. In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent, permission or invitation;

(b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

35

58.    Upon information and belief, on December 4, 2008, at approximately 9:40 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 48") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.   In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent, permission or invitation;

(b)    Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

59.    Upon information and belief, on December 5, 2008, at approximately 10:01 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 49") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.   In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

36

(a)    Called without Plaintiff's prior express consent, permission or invitation;

(b)    Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

60.    Upon information and belief, on December 6, 2008, at approximately 10:33 a.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 50") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.  In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent, permission or invitation;

(b)    Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

37

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

61.     Upon information and belief, on December 10, 2008, at approximately 1:41 p.m., Defendants, acting through one or more authorized agent(s), knowingly and/or willfully initiated a prerecorded voice message telemarketing call ("Call No. 51") to Plaintiff's Residential Telephone Number for the commercial purpose of selling memberships to the NASCAR Membership Club and thereby also the products and services of all Defendants.  In regard to this Call, which Defendants initiated without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent, permission or invitation;

(b)     Failed to voluntarily state the caller's name as registered with the Ohio Secretary of State;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

62.     In regard to each of the above-described 51 calls to Plaintiff's residence:

(a)     Each call, except Call No. 14, caused Plaintiff's telephone to ring;

(b)     Each Defendant was a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not it deals directly with consumers, and, therefore, was a

38

"supplier" as defined in O.R.C. §1345.01(C);

(c)     Plaintiff was a "consumer" as defined in O.R.C. §1345.01(D);

(d)     Plaintiff was a "person" as this term is used in 47 U.S.C. §227, *et seq.*;

(e)     Each call was a solicitation to sell, lease, assign, award by chance or

otherwise transfer an item of goods, a service, a franchise, or an intangible,

to an individual for purposes that are primarily personal, family, or

household and, therefore, was a "consumer transaction" as defined in

O.R.C. §1345.01(A);

(f)     Each call was a "consumer transaction," as this term is defined in R.C.

§1345.01(A);

(g)     Each call was a "telephone solicitation" as this term is defined in 47 U.S.C.

§227(a)(4);

(h)     Each call was an "unsolicited advertisement" as this term is defined in 47

U.S.C. §227(a)(5);

(i)     Each call contained material advertising the commercial availability of the

products and services of Defendants without Plaintiff's prior express

consent and, therefore, each was an "unsolicited advertisement" as defined

in 47 U.S.C. §227(a)(5);

(j)     Each call was initiated for the purpose of encouraging the purchase or

rental of, or investment in, property, goods, or services and, therefore, each

was a "telephone solicitation" as defined in 47 U.S.C. §227(a)(4); and

(k)     Each call was initiated by, for, at the behest or request of, on behalf of,

with the approval of, and/or for the benefit of each and all of the

Defendants, and each and every Defendant cooperated in, directed, authorized, requested, aided, encouraged, approved, ratified and/or adopted the actions of any and all Defendants or Defendants' agents initiating each call.

63.     Call Nos. 1 and 8 through 51 each contained material advertising the commercial availability or quality of property, goods or services of NMP and/or MSG, and each call was placed to Plaintiff's Residential Telephone Number without Plaintiff's prior express invitation or consent, in writing or otherwise, and, therefore, each such call was an "unsolicited advertisement" as defined in 47 U.S.C. §227(a)(5).

64.     Each of Call Nos. 8 through 51 were initiated by automated equipment that played, or intended to play the prerecorded message: "Hi guys.  Thought you might want to get VIP access to NASCAR races and get over three hundred dollars in official NASCAR merchandise. Call 866 508-2077 to find out how."

65.     In initiating and placing the 51 calls to Plaintiff's Residential Telephone Number, Defendants acted intentionally, knowingly, willfully, consciously, deliberately and purposefully with a common plan, scheme and/or design, and for Defendants' individual, mutual and shared benefit.

66.     Each of the 51 calls were initiated with the intent and purpose to market Defendant NMP's Products.  Each call was initiated with the intent and purpose to advertise the availability of Defendant NMP's Membership Club.  Each call was initiated with the intent and purpose to sell memberships in NMP's NASCAR Membership Club.  Each call was initiated with the intent and purpose to market Defendant MSG's and Defendant NMP's products.

67.     Defendant NMP provided outbound telemarketing telephone numbers and name

40

leads to Defendant MSG and thereby decided who would receive the telemarketing calls.

68.    Products marketed via the 51 outbound calls included NMP memberships, NMP jackets, and NMP hats.

69.    The telemarketing sales call scripts were drafted by Defendant MSG and approved by Defendant NMP for use in prerecorded telephone messages.  Defendant NMP knew in advance that the membership sale campaign would use outbound telemarketing calls.  NMP had the right to control the manner and means by which memberships in its club were sold, specifically by controlling the content of the prerecorded solicitations at issue in this case.

70.    Defendants NMP and MSG shared in the revenue derived from the telemarketing of the products sold.  Defendant NMP was billed for the telemarketing calls used to sell its products.  NMP paid MSG for NMP memberships sold by MSG.

71.    Defendant MSG has been cited by the FCC for violations of the TCPA consisting of using unlawful prerecorded message telephone calls to consumers.  After the FCC citation of MSG, Defendant MSG continued its unlawful telemarketing conduct and the FCC then issued a Notice of Apparent Liability to Defendant MSG citing Defendant MSG continuing violations of the TCPA.

72.    Count 1 and Count 2 below are pled in the alternative. That is each described call in each count represents a violation of the TCPA. An award of $500 to $1500 is being sought for each call pursuant to the decision of the Sixth Circuit Court of Appeals which remanded this case for trial.

## COUNT 1

### (Violations of 47 U.S.C. §227(b)(1)(B))

73.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

41

74. In initiating Call Nos. 1 and 8 through 51 to deliver an unsolicited advertisement to Plaintiff's Residential Telephone Number, and in using a prerecorded voice to deliver a message without the prior express consent of Plaintiff, Defendants violated 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against Defendants in the minimum amount of $500 for each such violation pursuant to 47 U.S.C. §227(b)(3)(B).

75. In initiating Call Nos. 1 and 8 through 51 to deliver an unsolicited advertisement to Plaintiff's Residential Telephone Number, and in using a prerecorded voice to deliver a message without the prior express consent of Plaintiff, Defendants knowingly and/or willfully violated 47 U.S.C. §227(b)(1)(B) and, therefore, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against Defendants in the total amount of $1,500 for each such violation pursuant to 47 U.S.C. §227(b)(3).

## COUNT 2

### (Violations of 47 C.F.R. §64.1200(d)(4))

76. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

77. In initiating Call Nos. 1 and 8 through 51 to deliver an unsolicited advertisement to Plaintiff's Residential Telephone Number, and in failing to provide Plaintiff with the name as registered with the Ohio Secretary of State of the person or entity on whose behalf the call was being made, Defendants violated 47 C.F.R. §64.1200(d)(4) and thereby 47 U.S.C. §227(c)(5)(A) and, therefore, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against Defendants in the minimum amount of $500 for each such violation pursuant to 47 U.S.C. §227(b)(3)(B).

78. In initiating Call Nos. 1 and 8 through 51 to deliver an unsolicited advertisement to

Plaintiff's Residential Telephone Number, and in failing to provide Plaintiff with the name as registered with the Ohio Secretary of State of the person or entity on whose behalf the call is being made, Defendants knowingly and/or willfully violated 47 C.F.R. §64.1200(d)(4) and thereby 47 U.S.C. §227(c)(5)(A) and, therefore, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against Defendants in the total amount of $1,500 for each such violation pursuant to 47 U.S.C. §227(b)(3).

79.    Count 3 and Count 4 below are pled in the alternative. That is each described call in each count represents a violation of the TCPA. An award of $500 to $1500 is being sought for each call pursuant to the decision of the Sixth Circuit Court of Appeals which remanded this case for trial.

## COUNT 3

### (Violations of 47 C.F.R. §64.1200(d)(3))

80.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

81.    In initiating Call Nos. 8 through 51 to deliver a telephone solicitation to Plaintiff's Residential Telephone Number, and failing to record or honor Plaintiff's prior standing do-not-call request, Defendants violated 47 C.F.R. §64.1200(d)(3) and thereby 47 U.S.C. §227(c)(5)(A) and, therefore, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against Defendants in the minimum amount of $500 for each such violation pursuant to 47 U.S.C. §227(c)(5)(A).

82.    In initiating Call Nos. 8 through 51 to deliver a telephone solicitation to Plaintiff's Residential Telephone Number, and failing to record or honor Plaintiff's prior standing do-not-call request Defendants knowingly and/or willfully violated 47 C.F.R. §64.1200(d)(3) and thereby 47 U.S.C. §227(c)(5)(A) and, therefore, Plaintiff is entitled to an award of statutory treble damages

in Plaintiff's favor and against Defendants in the total amount of $1,500 for each such violation pursuant to 47 U.S.C. §227(c)(5).

## COUNT 4

### (Violations of 47 C.F.R. §64.1200(d)(4))

83.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

84.     In initiating Call Nos. 1 and 8 through 51 to deliver a telephone solicitation to Plaintiff's Residential Telephone Number, and in failing to provide Plaintiff with the name as registered with the Ohio Secretary of State of the person or entity on whose behalf the call was being made, Defendants violated 47 C.F.R. §64.1200(d)(4) and thereby 47 U.S.C. §227(c)(5)(A) and, therefore, Plaintiff is entitled to an award of statutory damages in Plaintiff's favor and against Defendants in the minimum amount of $500 for each such violation pursuant to 47 U.S.C. §227(c)(5)(A).

85.     In initiating Call Nos. 1 and 8 through 51 to deliver a telephone solicitation to Plaintiff's Residential Telephone Number, and in failing to provide Plaintiff with the name of the person or entity on whose behalf the call is being made, Defendants knowingly and/or willfully violated 47 C.F.R. §64.1200(d)(4) and thereby 47 U.S.C. §227(c)(5)(A) and, therefore, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against Defendants in the total amount of $1,500 for each such violation pursuant to 47 U.S.C. §227(c)(5).

## COUNT 5

### (Violations of 47 C.F.R. §64.1200(d)(4) and O.R.C. §1345.02(A))

86.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

87.     In initiating Call Nos. 1 and 8 through 51 to deliver a telephone solicitation to Plaintiff's Residential Telephone Number, and in failing to provide Plaintiff with the name as

registered with the Ohio Secretary of State of the person or entity on whose behalf the call was being made, Defendants knowingly and/or willfully violated 47 C.F.R. §64.1200(d)(4) which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A)[2].

88.     For each of Defendants' knowing violations of O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages against Defendants in the minimum amount of $200 for each such violation pursuant to O.R.C. §1345.09(B), and an award of Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

89.     Count 6 and Count 7 below are pled in the alternative. That is each described call in each count represents a violation of the CSPA. An award of $200 is being sought for each call pursuant to the decision of the Sixth Circuit Court of Appeals which remanded this case for trial.

### COUNT 6

**(Violations of the 47 C.F.R. §64.1200(d)(6) and O.R.C. §1345.02(A))**

90.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

91.     In initiating Call Nos. 8 through 51 to deliver a telephone solicitation to Plaintiff's Residential Telephone Number, and in failing to maintain a record of Plaintiff's previous request not receive any more telemarketing calls from Defendants, Defendants violated 47 C.F.R. §64.1200(d)(6) which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

---

[2] Under Ohio law, a violation of the TCPA is also a violation of O.R.C. §1345.02(A) of the Ohio Consumer Sales Practices Act. *See Charvat v. Continental Mortgage Services, Inc.,* Franklin C.P. No. 99CVH12-10255, unreported, OAG PIF# 1882 (2000); *Chambers v. R & C Delivery,* Cuyahoga C.P. No. 437887, unreported, OAG PIF# 2070, (2002); *Compoli v. EIP Limited,* Cuyahoga C.P. No. 446780, unreported, OAG PIF# 2073 (2002). The CSPA provides for minimum statutory damages of $200 against any defendant who commits an act or practice that has been held to previously violate the CSPA. *See* O.R.C. §1345.09(B). Furthermore, Plaintiff is entitled to an award of reasonable attorneys fees against any defendant who knowingly engages conduct that violates the CSPA. *See* O.R.C. §1345.09(F); *Einhorn v. Ford Motor* Co., 48 Ohio St.3d 27 (1990).

92.     For each of Defendants' knowing violations of O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages against Defendants in the minimum amount of $200 for each such violation pursuant to O.R.C. §1345.09(B), and an award of Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

### COUNT 7

### (Violations of 47 C.F.R. §64.1200(d)(3) and O.R.C. §1345.02(A))

93.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

94.     In initiating Call Nos. 8 through 51 to deliver a telephone solicitation to Plaintiff's Residential Telephone Number, and in failing to honor Plaintiff's previous Do-Not-Call request, Defendants violated 47 C.F.R. §64.1200(d)(3) which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

95.     For each of Defendants' knowing violations of O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages against Defendants in the minimum amount of $200 for each such violation pursuant to O.R.C. §1345.09(B), and an award of Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

### COUNT 8

### (Violations of O.A.C. §109:4-3-11(A)(1), 16 C.F.R. §310.4(d)(2) and O.R.C. §1345.02(A))

96.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

97.     In initiating Call Nos. 1 and 8 through 51 to Plaintiff's Residential Telephone Number and in failing to state, at the beginning of each such call, that the purpose of the call was to effect a sale, Defendants violated O.A.C. §109:4-3-11(A)(1) and/or 16 C.F.R. §310.4(d)(2)

(the "Telemarketing Sales Rule"), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).[3]

98.     For each of Defendants' knowing violations of O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages against Defendants in the minimum amount of $200 for each such violation pursuant to O.R.C. §1345.09(B), and an award of Plaintiff's reasonable attorney's fees and costs against Defendants pursuant to O.R.C. §1345.09(F).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby prays for the following relief on the foregoing claims against Defendants, jointly and severally:

A.     An award of statutory damages in Plaintiff's favor and against Defendants in the amount of $500 per call, pursuant to 47 U.S.C. §227(b)(3), for each of Defendants' violations of 47 U.S.C. §227(b) and/or the regulations promulgated thereunder;

B.     An award of statutory damages in Plaintiff's favor and against Defendants in the amount of $1,500 per call, pursuant to 47 U.S.C. §227(b)(3), for each of Defendants' knowing and/or willful violations of 47 U.S.C. §227(b) and/or the regulations promulgated thereunder;

C.     An award of statutory damages in Plaintiff's favor and against Defendants in the amount of $500 per call, pursuant to 47 U.S.C. §227(c)(5), for each of Defendants' violations of 47 U.S.C. §227(c) and/or the regulations promulgated thereunder;

D.     An award of statutory damages in Plaintiff's favor and against Defendants in the

---

[3] Under Ohio law, a violation of O.A.C. §109:4-3-11(A)(1) is also a violation of O.R.C. §1345.02(A). *See State ex rel. Fisher v. Wykle, et al.* (April 9, 1992), Stark C.P. No. 901395, unreported, OAG PIF# 1141 (Filed in PIF on April 13, 1992); *State ex rel. Petro v. Craftmatic Org. Inc.* (July 25, 2005), Franklin C.P. No. 05-CVH06-06060, unreported, OAG PIF#2347 (Filed in PIF on July 25, 2005). Also, a violation of the Telemarketing Sales Rule, 16 C.F.R. §310.4(d)(2), is a violation of O.R.C. §1345.02(A). *See Burdge v. Satellite Systems Network, LLC* (May 11,

amount of $1,500 per call, pursuant to 47 U.S.C. §227(c)(5), for each of Defendants' knowing and/or willful violations of 47 U.S.C. §227(c) and/or the regulations promulgated thereunder;

E.      An award of statutory damages in Plaintiff's favor and against Defendants in the minimum statutory amount of $200, pursuant to O.R.C. §1345.09(B), for each of Defendants' violations of O.R.C. §1345.02(A);

F.      An award of Plaintiff's reasonable attorney's fees and costs, pursuant to O.R.C. §1345.09(F), for Defendants' knowing violations of O.R.C. §1345.02(A);

G.      A permanent injunction, pursuant to 47 U.S.C. §227(b)(3)(A), prohibiting Defendants from initiating any telephone calls to any consumer in violation of 47 U.S.C. §227(b), 47 U.S.C. §227(c) and/or the regulations prescribed thereunder; and

H.      All such other relief, legal and equitable, as permitted by law.

Respectfully submitted,

Philip J. Charvat, *Pro se*
PJCharvat@hotmail.com
636 Colony Drive
Westerville, Ohio 43081
(614) 895-1351

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all of his claims against Defendants.

Philip J. Charvat, *Pro se*

---

2005), Butler M.C. No. 2004 CVF 243, unreported, OAG PIF #2344 (Filed in PIF on May 12, 2005).

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and accurate copy of the foregoing document was served upon the Defendant, by U.S. Mail, this _6th__ day of February, 2012:

Media Synergy Group, LLC
c/o Louis G. Anton, Registered Agent
14501 Higheate Hill Ct.
Chesterfield, VA 23832

_____
Philip J. Charvat, *Pro se*

49