IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Philip J. Charvat,

     Plaintiff,

   v.                                 Case No. 2:09-cv-209

NMP, LLC, et al.,               JUDGE EDMUND A. SARGUS, JR.
                                   Magistrate Judge Kemp

     Defendant.


## OPINION AND ORDER

On June 21, 2012, plaintiff Philip J. Charvat filed a motion for entry of default judgment by the Clerk. Making his request pursuant to Fed.R.Civ.P. 55(b)(1), he asserts that his claim against defendant Media Synergy Group, LLC, set forth in the Third Amended Complaint, is a claim for "sum certain" (namely $138,400.00) and that the Clerk may therefore enter judgment in his favor in that amount. For the reasons which follow, the Court disagrees, and will deny the motion without prejudice to the submission of a properly-supported motion for the entry of default judgment by the Court.

I.

Some brief procedural background is helpful. Media Synergy Group LLC was one of two defendants named in this action, having been joined as a defendant in an amended complaint filed on April 3, 2009. Media Synergy, represented by counsel, filed a motion to dismiss on August 21, 2009, which the Court subsequently granted. Mr. Charvat appealed. The Court of Appeals remanded the case, holding that the Court had jurisdiction over Mr. Charvat's claims.

Following remand, Mr. Charvat moved for leave to file a third amended complaint. After requesting an extension of time to respond to that motion, counsel for Media Synergy withdrew. The motion was subsequently granted, the third amended complaint (Doc. 72) was filed, and Media Synergy never filed an answer or other response to the third amended complaint. The Clerk entered Media Synergy's default on June 15, 2012. Mr. Charvat promptly submitted his

motion for default judgment, and it is now before the Court for a ruling.

II.

Fed.R.Civ.P. 55(b) reads in full as follows:

**(b) Entering a Default Judgment**.

(1) *By the Clerk*. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court*. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

By its terms, Rule 55 requires that all motions for default judgment other than one which involves a "claim . . . for a sum certain or a sum that can be made certain by computation" be made to the Court.  Because Mr. Charvat has directed his motion to the Clerk, the question presented is whether his claim for damages under the two statutes cited in his complaint - the Telephone Consumer Protection Act (TCPA) and the Ohio Consumer Sales Practices Act (OCSPA) - is a claim for a sum certain, or is one which may be reduced to judgment only through the exercise of some element of discretion by a District Judge.

III.

As a general rule, those types of claims involving a "sum certain" are quite limited.  This

2

Court has observed that "[s]ums certain are sums that can be calculated from the terms of a written document such as a contract or promissory note. *Dailey v. R & J Commercial Contracting,* No. C2–01–403, 2002 WL 484988 at *3 (S.D. Ohio Mar.28, 2002). Rule 55(b)(2) provides that a court may determine what is an appropriate amount of damages that cannot simply be calculated from the terms of a written document. *Id.*" *Ironworkers Dist. Council of Southern Ohio v. Reinforcing Services Co., LLC,* 2009 WL 4154905, *2 (S.D. Ohio Nov 20, 2009).

Although there may be cases where a sum ceratin may be ascertainable from some source other than a contract or promissory note, "sum certain" cases clearly do not encompass actions where statutory damages are sought, but the statutory language vests the courts with discretion to determine the appropriate amount of any damage award.  That is, when a statute sets out minimum and maximum awards of damages which can be imposed by the Court, any motion for default judgment must be directed to the Court and not the Clerk.   So, for example, in cases brought under the Fair Debt Collections Practices Act, which, in 15 U.S.C. §1692k(2)(A), permits the Court to allow additional statutory damages "not exceeding $1,000," the Court and not the Clerk routinely makes that type of award.  *See, e.g., Arthur v. Robert James & Associates Asset Management, Inc.,* 2012 WL 1122892 (S.D. Ohio April 3, 2012).  The same is true for damages sought under 47 U.S.C. §605(e)(3), part of the Federal Communication Act, which permits an aggrieved party to recover damages "in a sum not less than $1,000 or more than $10,000, as the court considers just." *See, e.g., Buckeye Cablevision v. Sledge,* 2004 WL 952875 (N.D. Ohio April 8, 2004).  The rationale behind such decisions is that such a party's "statutory damage claim is not for a sum certain because, at a minimum, the legislation in question commits to the Court discretion with respect to the amount of statutory  damages to be awarded. Accordingly, default judgment may not be entered by the Clerk." *DirecTV, Inc. v. Chorba,* 2005 WL 3095067, *1 (M.D. Pa. November 18, 2005); *see also DirecTV, Inc. v. Sheffield,* 2005 WL 563108 (D. Minn. March 8, 2005).

Mr. Charvat's claims against Synergy Media arise under two subsections of the  TCPA and one subsection of the OCSPA. Arguably, two of those three statutory provisions do not give the Court discretion in determining the amount of statutory damages to award.  47 U.S.C.

3

§227(b)(3), the provision of the TCPA which deals with the making of certain automated calls, says that "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State– (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation ...." And Ohio Rev. Code §1345.09(B), which is the operable provision of the OCSPA, states that an injured party may receive "three times the amount of the consumer's actual economic damages or two hundred dollars, whichever is greater." When the plaintiff does not seek actual damages, the amount he or she is entitled to under these two statutory subsections seems to be fixed.

However, there is a third provision at issue in this case. Mr. Charvat also seeks damages for calls placed to him after he put his name on a do-not-call list. Under 47 U.S.C. §227(c)(5)(B), an aggrieved party may bring "an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater." Although the provision in §227(b)(3), which contains slightly different language, has been construed to mean that "Congress has apparently mandated this amount of damage—at least $500 per violation, and no less," *Adamcik v. Credit Control Services, Inc.*, 832 F.Supp. 2d 744, 754 (W.D. Tex. 2011), the same cannot be said of section (c)(5). Rather, given the words used by Congress - "up to $500 in damages" rather than simply "$500 in damages" - courts have held that "[t]he award of statutory damages is a matter committed to the district court's discretion." *Tague v. Doctor's Assistance Corp.*, 2008 WL 4288061, *3 (E.D. Pa. Sept. 18, 2008) .

Mr. Charvat argues in his motion that the Court of Appeals has already decided that he is entitled to damages of $3600.00 per actionable call, consisting of an award of $1500.00 under section (b)(3)(for three separate violations in each call), $1500.00 under section (c)(5) (computed in a similar way), and $600.00 under the OCSPA (again based on the premise that each call violated that statute in three separate ways). Since he has alleged 44 such calls in his third amended complaint, he has simply multiplied that number by $3,600.00, subtracted the amount he received from another defendant, and arrived at the figure of $138, 400.00. But the Court of Appeals did not hold that he should receive exactly these damages; what it said, instead, was that Mr. "Charvat's maximum damages for the thirty-one telephone calls that he alleges violated both sets of requirements total $93,000." *Charvat v. NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011).

4

Because he has now alleged 44 such calls, his maximum damages are now greater, but that does not answer the question of exactly how much the Court, using the discretion given to it under §227(c)(5), should actually award him. Given the existence of a discretionary element to the total damage claim, this is simply not a case in which the Clerk may enter a default judgment.

IV.

For all of the above reasons, the motion of plaintiff Philip J. Charvat for entry of default judgment by the Clerk (Doc. 79) is **DENIED**. However, Mr. Charvat may pursue his request for default judgment by directing such a motion to the Court. The motion should be filed within fourteen days and should address the issue of why the Court should award any particular amount of statutory damages, up to the statutory limit of $500.00, for the claimed violations of 47 U.S.C. §227(c)(5).

**IT IS SO ORDERED.**

7-2-2012
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**