IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
CLERK
2012 JUL 13 AM 10: 42
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| PHILIP J. CHARVAT, | |
| | Case No. 2:09-cv-209 |
| Plaintiff, | |
| v. | Judge Sargus |
| NMP, LLC, et al. | Magistrate Kemp |
| Defendants. | |

### PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT

NOW COMES PLAINTIFF PHILIP J. CHARVAT, *Pro Se*, pursuant to Federal Rule of Civil Procedure 15(a), and hereby moves the Court for an Entry of a Default Judgment by the Court in Plaintiff's favor on the 8 counts that he has asserted against DEFENDANT MEDIA SYNERGY GROUP, LLC in Plaintiff's Third Amended Complaint for Money Damages, Declaratory Judgment, and Injunctive Relief.

The reasons why the Court should grant this Motion are set forth in the following Memorandum in Support of Motion and attachments hereto.

Respectfully submitted,

Philip J. Charvat, *Pro Se*
636 Colony Drive
Westerville, Ohio 43081-3616
614-895-1351
PJCharvat@Hotmail.Com

## MEMORANDUM IN SUPPORT OF MOTION

### I. INTRODUCTION AND BACKGROUND FACTS

Plaintiff's claims arise from the dozens of unwanted telemarketing calls placed to Plaintiff's residential telephone number offering for sale memberships in the "Official NASCAR Members Club". Each of these calls flagrantly disregards and violates well-established federal and Ohio laws prohibiting such calls, and almost all of them were made in direct defiance of Plaintiff's explicit request during one of the earliest calls that his home not receive any more of these telemarketing calls. (See, generally, Plaintiff's Third Amended Complaint)

### II. LAW AND ARGUMENT

#### A. Because Defendant Has Failed to Timely Respond to Plaintiff's Third Amended Complaint, an Entry of Default Judgment Should be Granted by the Court.

Default judgment is entered appropriately in a plaintiff's favor when a defendant fails to file an answer or otherwise defend against an action. Fed. R. Civ. P. 55. Rule 55 provides, in pertinent part, that:

> (a) When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>
> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (b)(2) By the Court. In all other cases, the party must apply for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If

2

> the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial-- when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Here, the facts are simple and straightforward, and the legal implications of these facts are also beyond dispute. Plaintiff filed his Third Amended Complaint for Money Damages, Declaratory Judgment and Injunctive Relief on February 6, 2012, and Defendant Media Synergy Group, LLC was served via ordinary mail service on February 6, 2012. Therefore, pursuant to Fed. R. Civ. P. 12(a) and S.D. Local R. 4.2(c), such Defendant's answer or other responsive pleadings or motions were due to be filed on March 1, 2012. However, as of the date of this Motion, Defendant Media Synergy Group, LLC has failed to file an answer, motion or other pleading in response to the Third Amended Complaint. Accordingly, Plaintiff is entitled under the law to a judgment by default.

Pursuant to the Court's order denying without prejudice Plaintiff's previous Motion for Default Judgment, Plaintiff filed a Motion for Entry of Default by the Clerk. The Clerk filed an Entry of Default against Defendant Media Synergy Group, LLC on June 15, 2012.

Defendant Media Synergy Group, LLC is not a natural person, it is not an infant or incompetent person, nor a member of the armed services, nor an officer or agency of the United States, and therefore a Default Judgment may be taken against it. See affidavit at Par. 4 attached to Plaintiff's Motion for Default Judgment by the Clerk filed June 21, 2012.

The issue of damages available in this case has been resolved on appeal. The Sixth Circuit

3

determined that the total damages available per call in this case are $3,600.00 per call. Plaintiff's Third Amended Complaint alleges 44 such calls, and thus total damages are $158,400.00 less a previously accepted offer of judgment in the amount of $20,000.00 taken against another Defendant. Thus $138,400.00 remain to be awarded in this case. See affidavit at Par. 5 attached to Plaintiff's Motion for Default Judgment by the Clerk filed June 21, 2012.

In Plaintiff's First Complaint, Plaintiff sought damages under Section 227(b) on a per violation basis under the TCPA. The Court rejected that method of determining damages in a TCPA case. The appellate court held that damages under the TCPA are available on a per call basis, but *also* held that Plaintiff may seek two damage awards, each per call, under *both* Section 227(b) and also Section 227(c). Plaintiff's Third Amended Complaint therefore seeks a total award of $3,000.00 per call under the TCPA.

Both Section 227(b) and 227(c) provide for treble damages when the defendant acted willfully or knowingly. "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. Section 227(b) *and* Section 227(c). Thus the maximum damages available are $1,500.00 under both Section 227(b) *and* Section 227(c).

The proper definitions of willfully and knowingly pursuant to the TCPA have been held by the Ohio Supreme Court, in accord with FCC interpretations, do not require egregious behavior, but merely knowledge by the actor of its actions.

1. To establish a knowing violation of the Telephone Consumer Protection Act, Section 227, Title 47, U.S.Code, for an award of treble damages, a plaintiff must prove only that the defendant knew that it acted or failed to act in a manner that violated the statute, not that the defendant knew that the conduct itself

4

> constituted a violation of law.
> 2. To establish a willful violation of the Telephone Consumer Protection Act, Section 227, Title 47, U.S.Code, for an award of treble damages, a plaintiff must prove that the defendant consciously and deliberately committed or omitted an act that violated the statute, irrespective of any intent to violate the law.

*Charvat v. Ryan*, 2007-Ohio-6833 at Syllabus. In this case, Defendant has admitted by default to having knowingly and willfully acted to initiate the unlawful calls to Plaintiff. Further, it is obvious Defendant deliberated when deciding to create and implement a telemarketing calling campaign using prerecorded messages. Scripts had to be drafted and recorded. Equipment had to be purchased and programmed to dial numbers and play the recordings. And, most importantly, Defendant chose to dun Plaintiff with these unlawful calls *after* Plaintiff informed Defendant's live operator agent to cease all calls to Plaintiff, rather than terminate all calls.

The prerecorded calls are unlawful per se, having been banned by Congress, as Defendant did not have Plaintiff's prior express consent. This Defendant's action was to construct and turn on an unlawful marketing automaton to dun Plaintiff despite his demand to stop all calls. Lastly, while Plaintiff may not seek damages on a per violation basis, there were multiple violations of regulations manifested by the calls. For instance, in addition to not abiding by Plaintiff's do-no-call demand, none of the calls provided the registered name of Defendant as also required by law. Plaintiff has pleaded the multiple violations in the alternative. See Plaintiff's Third Amended Complaint. The Court should consider the multifaceted violations of law in each call and deter this and other defendants from violating the law in many ways once a defendant has already committed a per se violation by use of unlawful marketing devices. Defendant is a professional telemarketing operation whose actions are governed by a now twenty year old law prohibiting exactly the conduct engaged in by this Defendant. Defendant actions were in defiance of the law. Thus the Court should award the maximum damages available.

## III. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully moves for the entry of a default judgment by the Court against Defendant Media Synergy Group, LLC in the amount of $138,400.00.

Respectfully submitted,

Philip J. Charvat, *Pro Se*
636 Colony Drive
Westerville, Ohio 43081-3616
614-895-1351
PJCharvat@Hotmail.Com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and accurate copy of the foregoing document was served upon the Defendant below, by U.S. Mail, this 12th day of July, 2012:

Media Synergy Group, LLC
c/o Louis G. Anton, Registered Agent
14501 Higheate Hill Ct.
Chesterfield, VA 23832

Philip J. Charvat, *Pro Se*

6